F. GORDON DEXTER & others *vs.* CHARLES U. COTTING.

Suffolk.   January 30, 1889. — May 6, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Trustee — Appointment — Exemption from giving Sureties — Notice —*
*" Interested " Persons.*

The Pub. Sts. c. 141, providing in § 16 that a trustee of an estate may be exempted
from giving sureties on his bond at the request of "all the persons beneficially
interested" therein, and in § 5, that a new trustee may be appointed to fill a
vacancy "after notice to all persons interested," unless they assent thereto or
waive notice under the Pub. Sts. c. 156, § 37, refer to such interested persons
only as are in being and have a present vested interest in the estate, and not to
such as are not in being nor to such as may become interested in the future.

BILL IN EQUITY, filed November 7, 1888, by F. Gordon Dex-
ter, William Appleton, and J. Morris Meredith, trustees under
the will of William Appleton, and by Emily W. Appleton, his
widow, for the specific performance by the defendant of an agree-
ment to purchase real and personal estate.

The bill alleged the following facts.   William Appleton, who
died on February 10, 1877, leaving a widow, and a son and a
married daughter, both of full age, owned the property in ques-
tion at the time of his death.   His will, which was duly admitted
to probate on March 5, 1877, after giving a life estate to his wife
in such property, and providing that the residue of his estate
should be held by John A. Burnham, F. Gordon Dexter, and the
testator's son, in trust, to pay over a portion of the net income
up to a certain sum to his wife, during her life or until her re-
marriage, and any excess of income above that sum to his son
and daughter, if the trustees and widow should deem best, con-
cluded as follows :

" At the death or marriage of my wife, Emily, I desire the in-
come that she would have received if living be given to my chil-
dren ; one half of the income each yearly in quarterly payments
if my children and the trustees think best.   I desire always to
have two trustees besides my son, William Appleton, Jr. ; but if
he shall have deceased at any time before the expiration of this
trust, then two trustees will suffice, unless my daughter, Emily

Appleton Beebe, shall desire to appoint a third. I desire that this trust terminate ten years after the decease of my wife Emily, and the original trust fund be divided equally between my two children, Emily and William; unless either of them shall request a continuation of the trust under the same provisions as before, or with such changes as they and the trustees may agree upon, in which case I desire the trustees to continue the administration of the trust to such time as such child or children may wish. If either of my children die without issue before the termination of this trust, I wish one half part of the income he or she would receive if living be given to the surviving child, and the other half part to such charitable and educational purposes as my trustees shall see fit. If both children die without surviving issue, then I wish the whole income to be given to charitable and educational purposes, as before mentioned, and at the termination of this trust, if both children shall have died without issue surviving, I wish the property to be given to such charitable and educational purposes as the trustees think best, unless either child shall have left a wife or husband; then I desire the trustees to give to such wife or husband such proportion of the income or original fund as they think would be given by me if I were then alive. In witness whereof, I have set hereunto my hand and seal, this fourth day of December, eighteen hundred and seventy-six."

The widow and children of the testator are still living. The testator's son William had one child, still living, born in 1879, while the testator's daughter Emily had three children, still living, born respectively in 1872, 1878, and 1884. The plaintiffs agreed in writing, on September 22, 1888, to sell, and the defendant to purchase, the land in question, and on October 17, 1888, upon a tender by the plaintiffs of a deed thereof conveying a good title in fee simple, the defendant refused to accept and pay for the same. The prayer of the bill was that the agreement of September 22, 1888, might be specifically performed by the defendant, and the price agreed upon be paid by him to the plaintiffs.

The answer alleged the following facts. On April 8, 1878, Burnham, Dexter, and William Appleton, Jr., upon a petition to the Probate Court filed by them on that day to be appointed

trustees under the will, and in accordance with their request and that of the widow and the two children of the testator, who alleged that they were all the persons interested in the trust, were appointed as such trustees without further notice, and were exempted from giving any surety or sureties on their official bond. Subsequently Burnham died, and Herbert C. Mason, and afterwards, on November 18, 1884, upon Mason's death, J. Morris Meredith, successively filed petitions to the Probate Court to be appointed to fill the vacancy thus caused, and in each instance, upon a request by the widow and the testator's two children only, being all the "persons interested in said trust," as they alleged, first Mason, and then Meredith, was appointed, without further notice, upon the giving of a personal bond only, without sureties. The will of the testator did not exempt the trustees from giving a surety or sureties on their bond, or provide that no bond should be required.

The defendant contended that all persons beneficially interested in said trust did not request that the trustees should be exempt from giving any surety or sureties on their bonds; that the plaintiffs, or any or either of them, were not duly qualified to act as trustees under the will, by reason of their never having given notice of their several petitions as required by law, and of their not having filed a bond with surety or sureties; that they were not seised of such personal and real estate, and could not convey to him a good merchantable title to such personal property; and that he was not bound to accept the deed and pay the consideration money therefor.

Hearing on the bill and answer before *W. Allen*, J., who reserved the case for the consideration of the full court.

*S. Bartlett*, for the plaintiffs.

*F. C. Welch*, for the defendant.

MORTON, C. J. The statute provides that a trustee may be exempt from giving sureties on his bond when the testator so orders or requests, and "any trustee shall, except as aforesaid, be so exempt when all the persons beneficially interested in the trust, being of full age and legal capacity, request such exemption." Pub. Sts. c. 141, § 16. This is a re-enactment of the St. of 1873, c. 122, § 1, under which the trustees in this case were appointed. The plaintiffs contend that this statute should

be construed as if it read like the provisions upon the kindred subject of the bonds of executors and administrators, that a trustee shall be exempt when all persons interested in the trust, who are of full age and legal capacity, request such exemption. See Pub. Sts. c. 129, § 8; St. 1885, c. 274. But we have not found it necessary to decide the question whether the statute would apply to a case where there were living parties interested in the trust who have a vested interest and who are not of full age and legal capacity.

In the case before us, under the will of the testator, the only parties who have any vested interest in the trust fund are the widow and two children of the testator. His grandchildren have no interest. The will provides that the trust shall terminate ten years after the death of his widow, when the fund is to be divided between the two children, if living. If both are then dead, leaving no issue surviving, the fund is to be " given to such charitable and educational purposes as the trustees think best, unless either child shall have left a wife or husband; then I desire the trustees to give to such wife or husband such proportion of the income or original fund as they think would be given by me if I were then alive."

The words of the statute, " all the persons beneficially interested in the trust," mean all persons who have a present vested interest, and are not intended to include all persons who may possibly become interested in the future. When the Legislature deals with the rights of parties not in being, or not ascertained, who may have a contingent interest in a trust, or, for instance, in the case of a sale of the trust estate, it uniformly speaks of them as parties who " may become interested." Pub. Sts. c. 141, § 21; c. 120, § 20. Such parties would not accurately be described as " persons interested," as that expression imports persons in being who have a vested interest. In this case, as all the parties interested requested the exemption, it was in the power of the Probate Court to exempt the trustees from giving sureties on their bonds, and the appointment of the trustees was valid.

The defendant contends that the appointment of one of the present trustees, who was appointed to fill a vacancy caused by death, is invalid, because no notice was given upon the petition for

his appointment, as required by the Pub. Sts. c. 141, § 5. This statute provides that the Probate Court "shall, after notice to all persons interested, appoint a new trustee." But this notice "may be dispensed with when all parties entitled thereto signify in writing their assent to such proceedings or waive notice." Pub. Sts. c. 156, § 37. In this provision, as in the one we have before discussed, "all persons interested" does not include persons not in being, but only those in being who have a vested interest, and the record shows that all such persons signified in writing their assent to the proceedings. The statutes were complied with, and we need not consider whether, if they had not been, the defendant could take advantage of this irregularity in the proceedings.        *Decree for the plaintiffs.*