JAMES T. GALLAGHER *vs.* GRACE E. V. SULLIVAN & another.

Suffolk.     November 11, 1924. — March 2, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court,* Decree: revocation; Notice.     *Words,* "Issue."

Under the provisions of a trust established by a will, that if a daughter of the testator "dies without issue living at the time of her decease, then it is my will that said real estate should go to my son . . . his heirs and assigns forever," adopted children of the daughter are not entitled as "issue."

If a petition for the appointment of a trustee under the will above described is assented to only by adopted children of the daughter of the testator, and heirs at law or persons interested in the estate of the son, who had died, are given no notice, it is proper for the judge of probate, upon a petition by one of such heirs at law of the son, to revoke the decree appointing the trustee and order that the petition upon which such appointment was made stand, after proper notice, for further hearing.

PETITION, filed in the Probate Court for the county of Suffolk on April 27, 1923, for the vacation of a decree of April 11, 1923, appointing Mary F. M. Forsyth trustee under the will of Neil Gallagher, late of Boston.

In the Probate Court, the petition was heard by *Dolan,* J., upon an agreed statement of facts. It appeared that the petition for the appointment of the respondent Forsyth as trustee was assented to only by Mary F. M. Forsyth, the petitioner, and Grace E. V. Sullivan, and that the decree

granting that petition was made without notice to and without the assent of any other persons. That decree contained in its recital the statement, "all persons interested in said trust having assented and having requested that said petitioner be exempt from giving a surety on her bond, and no one objecting thereto."

The judge of the Probate Court allowed the petition, revoked the former decree, and ordered that the "petition for appointment of trustee after proper notice stand for further hearing," stating in his decree that "it appearing to the court that at the time of the death of said Margaret J. Manning, said trust terminated, that Margaret J. Manning died without issue within the meaning of the language of the testator, who created the trust, under the fourth clause of his will, and that upon the death of said Margaret J. Manning the trust estate passed so far as it is real estate to the heirs or devisees of James T. Gallagher now deceased, and so far as it was personalty, to his legal representative and that the persons who assented to the petition for trusteeship were not all of the heirs at law and devisees of said deceased James T. Gallagher and that therefore all persons interested in the subject matter of said petition for trusteeship did not assent to or have notice of said proceeding." Grace E. V. Sullivan and Mary F. M. Forsyth appealed.

The case was submitted on briefs.

*F. J. Rogers*, for the respondent.

*S. R. Cutler*, for the petitioner.

BRALEY, J. The fourth clause of the will of Neil Gallagher, which was admitted to probate July 13, 1883, reads as follows:

"I give devise and bequeath to James T. Gallagher and Matthew Keany all my real estate situate on Margaret street in the North part of the City of Boston, and also all my real estate in Decatur Court (No. 3) situate in the Bunker Hill District; but in trust nevertheless to hold the same for the benefit of my daughter Margaret J. Manning and to pay to her during her life the income rents and profits arising from said real estate. In case the said Margaret dies leaving issue living at the time of her decease, then it is my will

that said Trustees should pay to the children or child of said Margaret the income rents and profits arising from said real estate until said child or children arrives at the age of twenty-one years each child to receive his share of said real estate when he or she arrives at the age of twenty-one years. In case the said Margaret dies without issue living at the time of her decease, then it is my will that said real estate should go to my son James T Gallagher his heirs and assigns forever. If in the judgment of my said Trustees it should become necessary to sell the real estate mentioned in this the Fourth item of my will, I hereby give them the power and authority so to do and to make proper deed or deeds to pass the same, and also the right to sell either at public auction or private sale. The money realized from said sale to be judiciously invested and the income from the same to be paid according to my will in the same manner and to the same parties as already stated in this item. In case of the death of either of the said Trustees it is my will that the surviving one shall continue to act and for that purpose I give him full authority and power to do and perform and carry out the provisions of my will in every respect, as fully as though he was the only one appointed by me." The trustees named in the will were duly appointed, but, Keany having died, Gallagher continued as sole trustee until his death in 1908, when he was succeeded by Margaret J. Manning, the unmarried beneficiary for life, who acted as trustee until her death in 1923 without issue. By decree of the court of probate she adopted in 1908 Mary F. M. Arancio, now Mary F. M. Forsyth, and Grace E. V. Sullivan, children of James T. Gallagher by his first marriage, who after the death of his wife married again, and left at his death a widow and three children by the second marriage. The petitioner James T. Gallagher is a son of James T. Gallagher by the second marriage, and a grandson of the testator. The will of James T. Gallagher, which is pending for probate, after making provision for his wife, provides, that the residue of his estate both real and personal shall go to his five children share and share alike.

The testator however was not the adopting parent, and at the death of Margaret J. Manning the trust terminated

as her adopted children are not "issue" within the meaning of the fourth clause of the will. Pub. Sts. c. 148, § 8. R. L. c. 154, § 8. *Blodgett* v. *Stowell,* 189 Mass. 142. *Brown* v. *Wright,* 194 Mass. 540. *Gammons* v. *Gammons,* 212 Mass. 454. *Walcott* v. *Robinson,* 214 Mass. 172. *Young* v. *Stearns,* 234 Mass. 540, 543.

What has been said sufficiently shows that when Mary F. M. Forsyth, the adopted child of Margaret J. Manning, filed on April 9, 1923, her petition to be appointed trustee to succeed Margaret J. Manning, and received the appointment, the petitioner had a vested interest in the property held in trust, and was entitled to notice of the petition by publication or personal service, which never was given, and to the granting of which he never has assented. G. L. c. 203, § 5. *Shaw* v. *Paine,* 12 Allen, 293, 295. *Bradstreet* v. *Butterfield,* 129 Mass. 339, 342. *Dexter* v. *Cotting,* 149 Mass. 92, 96. While the decree recites that all persons interested assented, and the assent of the adopted children of Margaret J. Manning was inoperative, it cannot be collaterally attacked for irregularity. *McKim* v. *Doane,* 137 Mass. 195. *McCarron* v. *New York Central Railroad,* 239 Mass. 64, 69. But the court of probate could not deprive the petitioner of his right to be heard, and his petition for revocation of the decree, which the court properly granted, was the appropriate remedy. *Waters* v. *Stickney,* 12 Allen, 1, 15. *Neafsey* v. *Chincholo,* 225 Mass. 12.

*Decree affirmed.*