ALLEN T. McCABE *vs.* ROBERT M. ROURKE & others.

Suffolk.     April 5, 1938. — September 14, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Probate Court*, Distribution, Ascertainment of heirs, Absentee proceedings. *Receiver. Absentee.*

Evidence did not show to be plainly wrong a finding that a receiver, appointed by a probate court, of property of an absentee exercised due diligence in ascertaining the heirs of the absentee before the allowance of a decree of distribution, nor require reversal of a decree exempting him from liability for money already distributed when the previous decree was modified upon petition by the rightful heir.

PETITION, filed in the Probate Court for the county of Suffolk on June 21, 1937, for revocation of a decree.

The petition was heard by *Dillon*, J., and a decree was entered from which the petitioner appealed.

*H. E. Cole*, for the petitioner.

*H. B. White*, for the respondent Robert M. Rourke.

QUA, J.     This is an appeal by Allen T. McCabe from a decree of the Probate Court denying his petition for revocation of a prior decree of distribution directing the respondent Robert M. Rourke as receiver of the property of James McCabe, an "absentee," to distribute the balance in his hands among ten persons, including himself, but not including the appellant. G. L. (Ter. Ed.) c. 200, § 13.

The appellant contends that he is a nephew of the "absentee" and his sole next of kin, and that he was in fact

entitled to all the property in the receiver's hands to the entire exclusion of the distributees named in the decree, and that he received no notice and had no knowledge concerning the appointment of the receiver or the petition and decree for distribution.

The judge found that the appellant was in fact the next of kin of James McCabe and was entitled to his property and modified the decree to the extent necessary to enable the appellant to enforce his rights against the individual distributees, but did not charge the respondent receiver with the sums which the latter had already paid out under the decree. This was in accordance with the practice established in cases where the accountant has fully performed his fiduciary obligations. *Welch* v. *Flory*, 294 Mass. 138, 141.

An accountant who has made distribution in compliance with a decree of the Probate Court, entered, as was the decree in this case, after publication and mailing according to the order of the court, is protected by the decree, unless he acted in bad faith or failed to exercise the sound judgment and the degree of diligence required by the circumstances. *Welch* v. *Flory, supra*, at page 142. In this case it is apparent that the judge's express finding of good faith cannot be pronounced plainly wrong. The substantial question is whether the finding of the judge (included in his decree) that the respondent receiver "used due diligence in ascertaining the heirs" of the "absentee" James McCabe is plainly wrong. The evidence is reported.

The money in question was originally part of the estate of one Hanora Hart, of Boston, who died intestate in 1913, leaving as her heirs a sister and the issue of two other sisters, one of whom was Mary McCabe. Mary had two children, James McCabe, the "absentee," who had disappeared some time before the death of Hanora Hart, and Charles W. McCabe, who had deceased, leaving the appellant, Allen T. McCabe, as his only child. The appellant was thus the nephew of James McCabe, whereas those who took under the decree of distribution were only cousins, being descended from other sisters of Hanora Hart. Upon

the settlement of Hanora's estate the sum in question had been deposited in the name of the judge of probate for the absent James McCabe.

The evidence cannot be stated in complete detail. The principal grounds upon which the appellant asks us to say that the judge of probate was wrong in finding due diligence on the part of the receiver are these: The appellant lived at "Myricks," which is a part of Berkley. The administratrix of the estate of Hanora Hart had eventually succeeded in finding him and had paid him his share of that estate. He was mentioned as a distributee in the final account in that estate. The receiver himself testified that he did not ask anyone who the heirs of James McCabe were; that he knew Hanora Hart had a sister Mary who married a McCabe, and many years ago his mother told him she thought Mary had two children, a boy and a girl, but he did not know whether one was James; that he "never knew of them"; that his mother told him she thought one of the children had died who was not James; that he did not know James, but had heard of him; that he made no inquiry as to the other child of Mary McCabe, and didn't know anybody who knew the McCabes; that his mother said she thought the two children of Mary McCabe were dead, and he didn't go back and look up — "So many years ago."

On the other side it appeared that in the petition for administration in the Hanora Hart estate, and in the petition for distribution in that estate (filed by the receiver's mother, who was a sister of Hanora and Mary McCabe), and in the decree for distribution, no mention was made of Allen T. McCabe among those listed as next of kin, and the distributive share of James McCabe was there stated to be one third, which would be inconsistent with the existence of any other distributee in the McCabe line. The final account in the Hanora Hart estate, which does mention Allen T. McCabe, does not state his relationship to Hanora Hart or to anyone. The receiver testified that he went to the Probate Court with a gentleman from his lawyer's office to examine the papers in the Hanora Hart

estate; that he did not look over the papers himself, but he saw several of them and did not see the name of Allen T. McCabe; that he knew personally all the "heirs" he knew of; that he did not know of any nephews of James McCabe and did not know anybody who did know; that if he had known or heard of any other "heirs" he would have made inquiry; that he went entirely by the gentleman from the lawyer's office; that all he knew about the McCabe family was James McCabe; that the administratrix of the Hanora Hart estate had been dead for a number of years; that he did not know whom to go to that knew the McCabes; that the first time he heard the name, Allen T. McCabe, was when he got a notice from the appellant's counsel.

Although we are not greatly impressed by the vigor of the efforts made by the receiver to search out all possible distributees, we are not ready to say that the finding of the judge of probate was plainly wrong. He could find that the receiver had no actual knowledge of the existence of Allen T. McCabe; that he thought he already knew who the distributees were; that he had never received more than a vague intimation that James McCabe had had a brother or sister, and that the possibility of this was offset by what his mother told him about Mary's children being dead and by what was found on the records; that he engaged a lawyer; that he searched the probate records; that he could properly rely to a large extent upon the "gentleman" from the lawyer's office as to what appeared on the records; that in the papers in the estate of Hanora Hart there were three separate lists of distributees, coming from two different branches of the family, all indicating that James McCabe was the sole representative of the McCabe line; and that the reference to Allen T. McCabe in the final account could easily be overlooked.

The case is distinguishable from *Welch* v. *Flory,* 294 Mass. 138. In that case the accountant himself had listed in his petition for appointment the distributee whom he afterward omitted without adequate investigation. Compare *Cleaveland* v. *Draper,* 194 Mass. 118; *Knowles* v. *Perkins,* 274 Mass. 27.

*Decree affirmed.*