HENRY F. WAITT *vs.* GEORGE STANLEY HARVEY & another, trustees.

SAME *vs.* SAME.

Middlesex.     January 5, 6, 1942. — November 20, 1942.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Probate Court,* Vacation of decree, Appeal, Accounts, Parties.     *Trust,* Appointment of trustee, Trustee's accounts.     *Spendthrift.     Guardian,* Of spendthrift, Guardian ad litem.     *Words,* "Beneficially interested."

After a judge of probate, following a hearing, had entered a decree dismissing a petition, he was without authority to revoke that decree for the reason, stated by him, that a certain fact had not appeared "clearly to" him "at the time of the trial of" the petition but that "it now" appeared "and all parties agree."

A trustee under a will appointed by decree of a Probate Court was a party aggrieved by a decree revoking a later decree dismissing a petition for revocation of his appointment and granting the petition for such revocation.

The validity of a decree of a Probate Court appointing a guardian was not open to attack at the hearing of a petition in the Probate Court for revocation of a decree appointing a trustee under a trust in which the ward had a beneficial interest.

Neither personal notice to nor assent by a spendthrift under guardianship nor his representation by a guardian ad litem was required by statute or by natural justice for validity of a decree appointing a trustee without sureties of a trust in which the spendthrift had a beneficial interest where it appeared that the guardian of the spendthrift assented to the appointment and there was nothing to show that the guardian's interests were adverse to the spendthrift's or that the guardian would derive any undue advantage from such appointment or that it would not be for the benefit of the spendthrift.

An assent in writing by a spendthrift under guardianship to the allowance
of an account of a trustee of a trust in which the spendthrift had a
beneficial interest was not binding upon the spendthrift.

An assent in writing, purporting to be in behalf of a spendthrift by his
guardian and to the allowance of an account of a trustee of a trust in
which the spendthrift had a beneficial interest, was of no effect where
it appeared that the guardian and the trustee were the same person.

A decree of a Probate Court allowing an account of a trustee of a trust
after the effective date of St. 1938, c. 154, § 1, revising G. L. (Ter.
Ed.) c. 206, § 24, would, if valid, confirm decrees allowing prior
accounts before such effective date, although the prior decrees had
been irregularly entered.

Until a spendthrift under guardianship had notice of an application for
allowance of an account by a trustee of a trust in which the spend-
thrift had a beneficial interest, the Probate Court had no authority
under § 24 of G. L. (Ter. Ed.) c. 206, in the form appearing in St.
1938, c. 154, § 1, to appoint a guardian ad litem to represent his
interests.

A decree of a Probate Court, allowing in 1940 an account of the trustee
of a trust in which a spendthrift had a beneficial interest, was invalid
under § 24 of G. L. (Ter. Ed.) c. 206, in the form appearing in St.
1938, c. 145, § 1, if no notice of the proceeding had been given to the
spendthrift, although the court had purported to appoint a guardian
ad litem to represent the spendthrift's interests therein and such
guardian ad litem had purported to assent to such allowance in the
spendthrift's behalf.

Upon an appeal by a trustee from a decree of a Probate Court revoking
a decree allowing his account, where it appeared that the revoking
decree should be affirmed but it also appeared that the petition for
revocation purported to have been brought personally by a spendthrift
under guardianship, it was ordered that opportunity be given to cure
such defect by allowing a next friend to appear in his name and prose-
cute the case in his behalf to final decree after rescript.

PETITION, filed in the Probate Court for the county of
Middlesex on May 5, 1941, for revocation of a decree
entered on March 1, 1927, appointing trustees under the
will of Emma L. Waitt. Also a

PETITION, filed in the same court on April 7, 1941, for
revocation of decrees allowing accounts of trustees under
the will of Emma L. Waitt.

The cases were heard by *Leggat*, J.

The form of the decree on the tenth account of the trus-
tees was as follows: "The foregoing account, together with
the seventh, eighth and ninth accounts, having been pre-
sented for allowance, and verified by the oath of one of the

accountants, and all persons interested including a guardian ad litem appointed to represent a spendthrift and persons unborn or unascertained who are or may become interested having consented thereto in writing, and no objections being 'made thereto, and the same having been examined and considered by the court: It is decreed that said accounts be allowed."

*G. Newhall,* (*J. J. Geogan* with him,) for the respondents.

*S. R. Wrightington,* (*G. W. Abele* with him,) for the petitioner.

DOLAN, J.   These two petitions were brought in the Probate Court by the petitioner who is under the guardianship of George Stanley Harvey and Walter I. Badger as a spendthrift. Mr. Harvey and Mr. Badger are respondents in the present cases in their further capacity as trustees under the will of Emma L. Waitt (hereinafter referred to as the testatrix), the grandmother of the petitioner.

## I.   THE FIRST CASE.

By the petition in this case the petitioner seeks the revocation of a decree entered in the Probate Court on March 1, 1927, appointing the respondents trustees under the will of the testatrix, without giving sureties on their official bonds, to serve with Albert H. Waitt (the father of the petitioner) who was then the surviving trustee under the will. The sole grounds upon which the petition is based are allegations that at the time the appointment in question was made the petitioner had a vested interest in the trust estate, and that he received no notice of the petition for the appointment of the respondents as trustees.

After hearing, the judge entered a decree on June 10, 1941, dismissing the petition for revocation and the petitioner appealed seasonably. On July 29, 1941, the judge, so far as appears of his own motion, entered the following decree: "It not having appeared clearly to the court, at the time of the trial of the within petition, that there was a minor child interested in the petition for appointment of trustees, but it now appearing, and all parties agree, that there was a minor child and that no one assented to the

petition for appointment of said trustees for said minor child, the decree dismissing the within petition is hereby revoked as of the tenth day of June, 1941, and the within petition is hereby allowed." The respondents appealed.

The action of the judge in entering the latter decree was without authority. Final decree having been entered on the merits, he was not authorized to revoke that decree for supposed error by him of determination either of facts or of law. The sole remedy of the petitioner if aggrieved by the entry of the final decree was by appeal, which was duly filed by him. *Untersee* v. *Untersee*, 299 Mass. 425, 426. There is nothing to show that the original final decree entered by the judge did not represent his actual decision. On the contrary, the terms of the subsequent decree entered by him disclose that he took that action because it had not clearly appeared to him at the time of the trial that there was a minor child interested in the petition for appointment of the trustees. That fact, however, is set forth in the agreement for abridgment of the record for appeal (below referred to) as evidence that was before the judge at the time of the trial. The case is not one coming within the rule that there "is an inherent and necessary power in a court of justice . . . on its own motion to correct errors and remedy omissions in its records in order that they shall speak the truth," *Webb* v. *Cohen*, 280 Mass. 292, 293; *Chagnon* v. *Chagnon*, 300 Mass. 309, 311–312, and cases cited, but is one where the original decree truly represented the decision of the judge. Contrary to the contention of the petitioner, we are of opinion that the respondents were persons aggrieved by the entry of the second decree in question, and entitled to appeal therefrom. The right of a trustee to appeal from a decree revoking his appointment would seem to be no less than in the case of a decree removing him from his office as trustee. See *Sparhawk* v. *Sparhawk*, 114 Mass. 356; *Wilson* v. *Wilson*, 145 Mass. 490; *Parker* v. *Mackintosh*, 253 Mass. 547. See also *Ripley* v. *Brown*, 218 Mass. 33; *Ellis* v. *Hunt*, 228 Mass. 39, 46. The second decree entered revoking the original final decree dismissing the petition for revocation and instead allowing

it must be reversed. Compare *Peterson* v. *Hopson*, 306 Mass. 597.

We proceed to the consideration of the petitioner's appeal from the final decree entered by the judge dismissing the petition for revocation of the decree appointing the respondents as trustees. In a stipulation for abridgment of the record the parties have agreed that, except for certain facts set forth in the stipulation and such of the records of the Probate Court as are made a part of the record on the appeal, "no evidence of any sort was submitted to the court." This stipulation was approved by the judge. The material agreed facts and those disclosed by the documentary evidence may be summarized as follows: The testatrix, Emma L. Waitt, died on May 2, 1913, leaving as her only child Albert H. Waitt and as her only grandchild the petitioner, the son of Albert. The testatrix's son Albert and one Sherburne were named as trustees under her will and duly qualified as such on February 25, 1914. The testatrix, after providing in her will for certain specific and pecuniary legacies to her son and others, devised and bequeathed the residue of her estate to her son, Albert, and Sherburne in trust, to pay the net income to Albert during his life, and upon his death to divide the income equally among his children, with provision for issue in case of the death of any of them. The will further provides that when each of her grandchildren "shall reach the age of twenty-five years he or she shall receive one-quarter of the principal of the trust estate held for his or her benefit and as to the fund so paid and transferred, the trust shall cease and thereafter he or she shall receive the income only of the remaining part of his or her share of the trust fund." The will also provides that when each of her grandchildren shall reach the age of thirty-five years he or she shall receive a further one quarter of the trust fund held for his or her benefit, and that after the death of the last survivor of her grandchildren living at her death the whole trust fund "shall be distributed among my surviving grandchildren, if any, and the issue then living of my deceased grandchildren in the same proportion in which they would

then be entitled to the income thereof under the fore-going provisions, and the trust shall terminate." In default of grandchildren or issue of grandchildren living at the time for final distribution the testatrix provided that one third of the trust estate should be paid to the wife of her son if living, and that the trust estate then remaining should be paid one half to the persons who "would have been" the heirs of her deceased husband if he had died at the time for final distribution and one half to the persons who "would have been" her heirs ascertained as of that time.

The petitioner was born June 26, 1901. On June 28, 1926, Charles W. Kokerda was appointed his guardian as a spendthrift. This appointment was in force on March 1, 1927, when the respondents were appointed trustees under the will of the testatrix in place of Sherburne, who had deceased. No citation appears to have been issued upon their petition for appointment, but it was assented to in writing by the surviving trustee and life beneficiary, Albert H. Waitt, and by Kokerda as guardian of the petitioner. The decree entered on March 1, 1927, appointing the respondents as trustees without sureties, recited, in substance, that objections had been made but that the parties "now" agree to the entry of the decree. When the respondents were appointed as trustees the petitioner had one daughter, Virginia, who was born on September 1, 1924. She is still living. Kokerda was removed from his office as guardian of the petitioner on May 21, 1928, and on June 18, 1928, the respondents, Messrs. Harvey and Badger, were appointed in his place as guardians of the petitioner as a spendthrift. When the respondents' appointments as trustees were made, Virginia was not under guardianship nor at any time prior to February 25, 1941, when one MacDonald was appointed guardian of her estate. The former life beneficiary and trustee under the will, Albert H. Waitt, the petitioner's father, died November 11, 1940. The petition under consideration was filed May 5, 1941. The guardian of Virginia appeared at the hearing of the petition and stated that "he would in behalf of his

ward ratify and confirm the appointment of the trustees, but the court ruled that it was too late." The contention of the petitioner that the appointment of MacDonald as guardian of Virginia is invalid is based on the fact that although the record of his appointment discloses that Virginia was above the age of fourteen years when he was appointed, she did not nominate him to be her guardian and was not cited in for that purpose as provided in G. L. (Ter. Ed.) c. 201, § 2. That contention is not open in this proceeding. The Probate Court in which the appointment was made had jurisdiction of the subject matter. Any irregularity or want of authority in its exercise can be corrected in that court only, and the decree is not subject to collateral attack. *Clarke* v. *Andover*, 207 Mass. 91, 98. *Jones* v. *Jones,* 223 Mass. 540, 542. *Gallagher* v. *Sullivan*, 251 Mass. 552, 555. *Lee* v. *Wood*, 279 Mass. 293, 295, 296. *Mitchell* v. *Mitchell*, *ante*, 154, 163–164. Since the judge did not see fit to appoint someone other than the guardian of Virginia to represent her interests in the present proceeding, the guardian was entitled and under a duty to represent her therein. G. L. (Ter. Ed.) c. 201, § 37. It is unnecessary to pass upon the effect of his offer to ratify the appointment of the respondents in her behalf, and his assent in writing to their appointment filed after the decree appealed from had been entered, since no question is before us properly with relation to whether she is aggrieved by the decree entered by the judge dismissing the petition. No appeal was taken from that decree by her or by anyone in her name and in her behalf. Not having appealed, she could not seek a result more favorable to herself. *Kilkus* v. *Shakman*, 254 Mass. 274, 280. The petitioner is without standing to represent her, and the sole question before us is whether the petitioner himself is aggrieved by the decree dismissing the petition.

General Laws, c. 203, § 5, relative to the appointment of trustees to fill vacancies, requires that notice shall be given to all persons interested. General Laws, c. 205, § 5, provides in part for the exemption of trustees under wills from giving sureties on their bonds if all persons "beneficially

interested in the trust, of full age and legal capacity, . . . request such exemption; but not until the guardian of any minor interested therein and such other persons as the court orders have been notified and had opportunity to show cause against the same." (See now St. 1941, c. 45, § 2, providing for notice to the "guardian or conservator of any person under disability interested therein.") General Laws, c. 215, § 47, provides that the notice required in any proceeding in the Probate Court may be dispensed with if all persons entitled thereto assent in writing to such proceeding or waive notice. The words "beneficially interested" in c. 205, § 5, have been construed to mean persons having a present vested interest in the trust estate. *Dexter* v. *Cotting*, 149 Mass. 92. Had the petitioner been legally competent to act for himself, we think he would have been entitled to notice of the proceeding and that his consent would have been required to the exemption of the respondents from giving sureties on their bonds. But he was not competent to act in his own behalf, being under guardianship as a spendthrift. In *Sullivan* v. *Lloyd*, 221 Mass. 108, 114, it is said that "It is apparent that the intention of the Legislature was that the guardian of a spendthrift should have the management of the estate of the ward in every particular and to the utmost limit." See G. L. c. 201, § 12.

In the instant case we are of opinion that in all the circumstances notice of the petition for appointment of the trustees was not required to be given to the petitioner and that his personal assent was not required to the exemption of the respondents from giving sureties on their bonds. The guardian of the petitioner, whose appointment was in force when the respondents were appointed trustees, had actual knowledge of the proceeding and assented in writing to their petition for appointment, which included a prayer that they be exempt from giving sureties on their bonds. Under G. L. c. 201, § 37, it is provided that a guardian "shall appear for and represent his ward in all actions, suits and proceedings, unless another person is appointed therefor as guardian ad litem or next friend." See *Cohn* v. *Cohn*, 310 Mass. 126, 128, and cases cited. It does not

appear that in the proceeding in question some other person was appointed to represent the petitioner. It follows that it was not only the right but the duty of Kokerda as guardian of the petitioner to appear for and represent him in the matter of the petition for appointment of the trustees.

The statute relative to the appointment of trustees to fill vacancies contains no provision for the appointment of a guardian ad litem or next friend to represent persons under disability, and G. L. c. 201, § 34, relative to the appointment of a guardian ad litem or next friend for persons under disability who are interested under the terms of a trust instrument in any proceeding affecting the trust estate, does not make such action by the judge other than permissive. *Warren* v. *Pazolt*, 203 Mass. 328, 345. In the present case it cannot be said properly that the principles of natural justice required that someone other than the petitioner's guardian should have been appointed to represent him. See *Hellier* v. *Loring*, 242 Mass. 251, 252. There is nothing to show that the interests of the petitioner's then guardian were adverse to those of the petitioner, or that by the appointment of the respondents the guardian would derive any undue advantage. See *Dolbeare* v. *Bowser*, 254 Mass. 57, 61, and G. L. c. 201, § 39. Nor is there anything to show that the appointment of the respondents as trustees was not for the benefit of and to the advantage of the petitioner.

We are of opinion that the assent in writing of the petitioner's then guardian, Kokerda, to the appointment of the respondents as trustees and to their exemption from giving sureties on their bonds, was tantamount to an acceptance of service and waiver of notice in behalf of the petitioner, and equivalent to an assent in writing by him to their exemption from giving sureties as provided in G. L. c. 205, § 5, under the authority conferred upon the guardian by G. L. c. 201, § 37. There is nothing in *Taylor* v. *Lovering*, 171 Mass. 303, which concerns the requirements of service upon one under guardianship as an insane person in certain circumstances, that is in conflict with what we have just said. In fact it is there said (page 305) that "if the guardian had appeared

in the action . . . this probably would have cured the want of service upon the defendant" (the ward).

It follows from what we have said that the decree dismissing the petition for revocation of the decree appointing the respondent trustees violated no rights of the petitioner.

## II. THE SECOND CASE.

This case arose upon the petition of the petitioner that the decrees, which had been entered in the Probate Court from time to time allowing the respective first to tenth accounts of the respondents and Albert H. Waitt (since deceased) as trustees under the will of the testatrix, be revoked. After hearing the judge entered a decree that the several decrees allowing the respective accounts be revoked, and the respondent trustees appealed.

The accounts cover the period from March 1, 1927, to December 31, 1939. The grounds assigned in the petition for the revocation of the decrees allowing the accounts are that seven of the accounts were allowed without notice to the petitioner, and that although he did assent to the fourth, fifth and sixth accounts he had no information as to their contents, that "such information" had been withheld from him by the trustees, that those accounts were allowed without a hearing, and that they contain errors and mistakes.

In this case, as in the case hereinbefore decided, a stipulation for abridgment of the record was filed by the parties and approved by the judge, in which it was agreed that, except for the facts therein set forth and certain of the records of the Probate Court included in the appeal record, "no evidence of any sort was submitted to the court." Among the facts agreed or disclosed by the documentary evidence are those relative to the death of the testatrix, the terms of her will, those concerning her son, Albert, the relationship of the petitioner to him and to the testatrix, the birth of Virginia, the minor child of the petitioner, the appointment of Kokerda as guardian of the petitioner as a spendthrift, the subsequent appointment of the respondents as his guardians, their appointment as trustees, and the appointment of MacDonald as guardian of the peti-

tioner's minor daughter Virginia, all of which having been set forth in the first case just decided need not be repeated. Other material facts follow. No order of notice issued in connection with the allowance of any of the accounts except upon the third account. A separate paper in the files of the Probate Court contained the written assent of the petitioner to the allowance of the third and prior accounts of the trustees. This assent is dated August 15, 1931, and the decree allowing the third account was entered November 23, 1931. These accounts were also assented to by Albert H. Waitt, the then life beneficiary and one of the trustees, and by the respondents as guardians of the petitioner. The fourth account was assented to by the same persons. The fifth account was assented to by the petitioner and by his guardians. The fourth account was allowed on March 22, 1933, and the fifth account on November 5, 1934. The sixth account was assented to by Albert H. Waitt and the petitioner, and was allowed May 4, 1936. Two children, Henry F. Jr. and Royal N., were born to the petitioner by a second marriage. Henry Jr. was born January 1, 1933, and Royal was born August 20, 1938, and both are living. The seventh, eighth, ninth and tenth accounts were assented to by Albert H. Waitt, and by the respondents as guardians of the petitioner. A guardian ad litem was appointed to represent "persons unborn or unascertained who are or may become interested" in the trust estate in the matter of the proceedings for the allowance of the first six accounts. A guardian ad litem was appointed to represent the petitioner and persons unborn or unascertained in the matter of the proceedings for the allowance of the seventh, eighth, ninth and tenth accounts, which were allowed by one decree, dated June 13, 1940. At the hearing of the petition for revocation one MacDonald, the guardian of Virginia, the minor daughter of the petitioner, appeared and stated in open court "that he would in behalf of his ward assent to the allowance of the ten accounts . . . but the court ruled that it was too late." We disregard his written assent thereto which was filed over a month after the decree revoking the decrees allowing the accounts was entered.

What we have said in the first case relative to the attack made by the petitioner upon the validity of MacDonald's appointment as guardian of Virginia, applies to the similar attack made by the petitioner in this case. On January 2, 1941, Viola M. Waitt was appointed guardian of the two other minor children of Henry, "by a decree of the Probate Court of Kennebec County, Maine, and in this county [Middlesex] July 22, 1941."

At the outset it is appropriate to state that the record does not disclose any evidence to show that information as to the contents of any of the accounts was withheld from the petitioner by the trustees or to show any "errors and mistakes" therein, as alleged in the petition. Properly the petitioner has made no contention to the contrary. The sole contentions of the petitioner are that notice to all persons interested was a prerequisite to the proper exercise of the jurisdiction of the Probate Court in the subject matter, that the failure to give notice to him of the applications for the allowance of the accounts was not cured by his consent in certain instances, nor by the assent in any instance of his guardians who were two of the accounting trustees, and that the appointment of a guardian ad litem for persons unborn or unascertained did not include representation of any minor child or children of the petitioner who were in being at the time of the allowance of any of the accounts.

With relation to the first six accounts it appears that except as to the third account no service of notice was made upon the petitioner, and that no guardian ad litem was appointed to represent his interests therein. His assents thereto were not binding upon him since he was under guardianship as a spendthrift and without authority to act in the matter of the administration of his financial interests. *Sullivan* v. *Lloyd*, 221 Mass. 108. The assent of the respondents as his guardians to certain of these accounts was of no effect, since they were two of the three accountants and could not bind the petitioner by their assent to their own accounts of the trust in which he was interested. In these circumstances we think that the decrees allowing

the first six accounts were irregularly entered. Moreover, under the statutes in force at the time of their allowance, they were subject to be reopened automatically upon the settlement of a subsequent account so far as to correct a mistake or error therein, except as to matters in dispute previously heard and determined (G. L. [Ter. Ed.] c. 206, § 19; *Parker* v. *Boston Safe Deposit & Trust Co.* 186 Mass. 393; *Jordan* v. *Turnbull*, 242 Mass. 317; *Barrett* v. *Briry*, 256 Mass. 45; *Coulson* v. *Seeley*, 277 Mass. 559), since they had not been finally determined and adjudicated under the provisions of G. L. (Ter. Ed.) c. 206, § 24.

The provisions of § 19 relative to the reopening of prior accounts upon the settlement of a subsequent account were repealed, however, by St. 1938, c. 154, § 2. Section 23 was likewise repealed by this statute. Section 1 of St. 1938, c. 154, amended said c. 206 by striking out § 24 and inserting in place thereof the following: "Upon application for the allowance of an account filed in the probate court, such notice as the court may order shall be given to all persons interested. If the interest of a person unborn, unascertained, or legally incompetent to act in his own behalf, is not represented except by the accountant, the court shall appoint a competent and disinterested person to represent his interest in the case. The person so appointed shall make oath to perform his duties faithfully and impartially, and shall be entitled to such reasonable compensation as the court shall allow. After final decree has been entered on any such account it shall not be impeached except for fraud or manifest error." Thus final decrees entered in the Probate Court allowing accounts in accordance with the provisions of the amended statute were placed upon the same footing as all other final decrees entered in those courts after proper proceedings, and became subject to be impeached only for fraud or manifest error. [1] Statute 1938, c. 154, was in force when the seventh, eighth, ninth and tenth accounts of the trustees were allowed by one decree on June 13, 1940. The decree allow-

---

[1] See 21 Mass. Law Quarterly, No. 3, page 16; 24 Mass. Law Quarterly, No. 4, page 7; 12th Report Judicial Council of Massachusetts, page 47.

ing these accounts imports a confirmation of the prior accounts the balances of which were carried down from one to another and were of necessity reflected in the seventh, eighth, ninth and tenth accounts. It follows that if the decree entered on the last four accounts was entered in compliance with the provisions of G. L. (Ter. Ed.) c. 206, § 24, as amended by St. 1938, c. 154, § 1, that decree must stand, together with the decrees allowing the prior accounts.

To determine, therefore, whether the decrees allowing the several accounts should be revoked it is only necessary to decide whether the decree allowing the last four accounts was entered in violation of the terms of § 24 as amended, relating to notice to and representation of the petitioner. We are of opinion that the terms of the statute affecting the rights of the petitioner were not complied with. His guardians, the respondent trustees, were two of the accounting trustees. He was legally incompetent to act in his own behalf. Under the terms of the statute his guardians could not represent him and it was required that a guardian ad litem be appointed to represent him. So far as the accountants were concerned, he was the party, not they. They could not accept service for him because of the adversary character of their relations as trustees. In this respect the case is distinguishable on the facts from the first case considered above, where, in the circumstances, there was nothing to make improper the representation of the petitioner in that case by his then guardian. In the instant case the petitioner had no notice of the proceedings for allowance of the last four accounts and, therefore, was not before the court in the proceedings, and we think that until he had due notice thereof the judge was without authority to appoint a guardian ad litem to represent him. *Taylor* v. *Lovering,* 171 Mass. 303. *Anagnostopoulos* v. *Anagnostopoulos,* 307 Mass. 493, 494, 495, and cases cited.

We have considered the contention of the respondents that the petitioner had no standing to bring the petitions hereinbefore considered in his own name. In the first case, since he did not prevail we deemed it unnecessary to take any action in connection with this contention. In the

second case, since the petitioner has prevailed it is necessary to pass upon this objection of the respondents. We think that the defect is a purely formal one which may be corrected in the court below, after rescript, by allowing an amendment permitting some suitable person to appear in the petitioner's name as next friend and prosecute the petition in his behalf to final decree after rescript. See *Chase* v. *Faulkner*, 307 Mass. 404, 407; *Greeley* v. *Flynn*, 310 Mass. 23, 28.

In the first case the decree allowing the petition for revocation is reversed and the original final decree dismissing the petition is affirmed.

In the second case if within sixty days after rescript an amendment is allowed in the Probate Court in accordance with what we have said the decree revoking the decrees allowing the respective accounts in question is to be affirmed. If such amendment is not allowed the petition. is to be dismissed.

*Ordered accordingly.*