B. LORING YOUNG & others, trustees, *vs.* CHARLOTTE H. TUDOR & others.

Middlesex.     April 9, 1948. — December 9, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Probate Court,* Notice, Accounts.  *Trust,* Trustee's accounts.  *Guardian,* Guardian ad litem.  *Words,* "Unascertained."

The findings of a guardian ad litem in his report to a Probate Court which appointed him have no authoritative standing as establishing facts and are not binding upon any persons not represented by him; their subject matter, at least as to parties not represented by him, must be proved by evidence and found by the judge as must other matters of fact pertinent to the issues being tried.

Publication of a citation issued by a Probate Court upon a petition for allowance of accounts of a trustee under a will and a mailing of copies of the citation to all persons who had vested interests in the trust estate, but without delivering copies to any persons having only contingent interests, did not satisfy the requirements of § 24 of G. L. (Ter. Ed.) c. 206, as appearing in St. 1938, c. 154, § 1, and of the citation, both of which required notice to "all persons interested," and did not give the court jurisdiction to adjudicate the accounts.

A citation, issued by a Probate Court pursuant to the requirements of § 24 of G. L. (Ter. Ed.) c. 206, as appearing in St. 1938, c. 154, § 1, and directing notice "to all persons interested" in accounts of a trustee under a will by delivering or mailing by registered mail and, if service be made by registered mail, unless it appears that all persons interested have received actual notice, by publication also, does not impose an unreasonable burden on the accountant: if he, acting in good faith and after diligent inquiry, has mailed by registered mail copies of the citation to all living persons the legal basis of whose interests in the

trust, either vested or contingent, has become known to him, including minors and others legally incompetent and the personal representatives of deceased persons if such representatives are "persons interested," publication would satisfy the statutory requirement of notice to all persons not reached by the mailing. Per QUA, C.J.

PETITIONS, filed in the Probate Court for the county of Middlesex for allowance of trustees' accounts.

The .case was reserved and reported by *Leggat,* J.

*P. B. Sargent,* for the petitioners.

*F. W. Grinnell,* guardian ad litem, pro se.

QUA, C.J.  The judge of probate has reserved and reported for our consideration certain questions arising upon the eighth to twelfth accounts, inclusive, of the trustees under the will of Benjamin Sewall, late of Weston.  These questions relate to the sufficiency of notice given by publication and mailing by registered mail to certain persons and to the appointment of a guardian ad litem.

The evidence is not reported.  Consequently the only facts for our consideration are those found by the judge. The findings of a guardian ad litem in his report to the Probate Court, which is printed with the record, are not binding upon any persons not represented by him.  To what extent the judge might accept them as admissions of the persons represented by the guardian ad litem need not now be decided.  A guardian ad litem is a person appointed by the court "to appear and act" in litigation in behalf of a "minor or person under disability, or a person not ascertained or not in being."  G. L. (Ter. Ed.) c. 201, § 34.  G. L. (Ter. Ed.) c. 206, § 24, as now appearing in St. 1938, c. 154, § 1.  He is not a trier of fact like a master, whose findings, after confirmation by the court, become the factual basis of the decree.  The guardian's findings have no authoritative standing as establishing the facts in the case.  The making of impartial authoritative findings would be inconsistent with the duty of the guardian to represent the parties whose interests he is appointed to protect.  *American Bonding Co.* v. *American Surety Co.* 127 Va. 209, 218–219.  The subject matter of his findings must, at least as to parties not represented by the guardian ad litem, be proved by evidence

and found by the judge as must other matters of fact pertinent to the issues.

The facts found by the judge, in so far as material to the questions reported, are these: A citation was issued upon the accounts directing that notice be given by delivering or mailing a copy of the citation by registered mail to all persons interested, and that if service should be made by registered mail, unless it appeared that all persons interested had received actual notice, by publishing a copy once each week for three successive weeks in a designated newspaper. The publication was made as directed, and copies of the citation were mailed by registered mail "to all persons interested (issue of the testator) who had *vested* interests in the estate but notices were not mailed to nearly fifty issue having only *contingent* interests (many of whom are minors) nor were notices mailed to the heirs at law (unknown in name and number) of the testator's five brothers and sisters and his son-in-law (all deceased) who by the terms of the will would take the principal in the event of failure of issue of the testator." "Following the return day, the attorney for the accountants filed a return of service certifying to publication and to mailing by registered mail to all persons having *vested* [1] interests and requested the appointment of a guardian ad litem to represent unborn and unascertained interests." Accordingly, a guardian ad litem was appointed to represent persons unborn and unascertained and minors with contingent interests. The judge also found that the accounts were just and true. [2]

The first question reported we interpret to be whether the court had full jurisdiction to proceed to a decree upon the notice given.

The statute governing the notice required upon the allowance of accounts in the Probate Court is G. L. (Ter. Ed.) c. 206, § 24, as now appearing in St. 1938, c. 154, § 1. That statute provides that "such notice as the court may order shall be given to all persons interested," and that "If the

---

[1] Emphasis supplied.

[2] The briefs of the accountants and of the guardian ad litem are framed upon the assumption that the trust here involved is the same as that before this court in *Young* v. *Jackson,* 321 Mass. 1.

interest of a person unborn, unascertained, or legally incompetent to act in his own behalf, is not represented except by the accountant, the court shall appoint a competent and disinterested person to represent his interest in the case."

In our opinion, on this record, the accountants have failed to show notice sufficient to warrant the court in proceeding upon the accounts. The statute required notice to "all persons interested," without exception. The citation specified the manner of giving that notice as by delivery or by mailing by registered mail a copy to "all persons interested" and by publication, unless all persons interested received actual notice. A return showing publication but showing mailing limited to persons having vested interests is insufficient on its face. The facts found are in accord with the return and do not better it. There is nothing in the statute or in the terms of the citation that limits the notice or the mailing to persons having vested interests. There is nothing in reason to justify such a limitation. Persons having contingent interests are persons interested in the trust and in the accounts (_Neafsey_ v. _Chincholo,_ 225 Mass. 12; _Jordan_ v. _Turnbull,_ 242 Mass. 317, 320; _McKay_ v. _Audubon Society, Inc._ 318 Mass. 482, 485), unless indeed such interests are so utterly unsubstantial as to amount to nothing more than "a film of mist." _Copeland_ v. _Wheelwright,_ 230 Mass. 131, 137. _Newburyport Society for Relief of Aged Women_ v. _President & Fellows of Harvard College,_ 310 Mass. 438, 445. The interests of persons having contingent interests may be vastly greater than those of persons having vested interests, and may be readily assignable. _Putnam_ v. _Story,_ 132 Mass. 205. _Butterfield_ v. _Reed,_ 160 Mass. 361. Contingent interests may be such that they can be reached and applied in payment of debts. _Clarke_ v. _Fay,_ 205 Mass. 228. The contingencies upon which they depend may have become so nearly certain of fulfilment that such interests are practically equivalent to vested interests. That when the Legislature, in redrafting § 24, used the words "all persons interested" it had in mind persons having contingent as well as those having vested interests appears from the very next sentence, where it is provided that if "the interest of a

person unborn, unascertained, or legally incompetent to act in his own behalf, is not represented except by the accountant, the court shall appoint a competent and disinterested person to represent his interest in the case." A person unborn could hardly have other than a contingent interest. A person unascertained would be very likely to have such an interest. And there would be no consistency in making a mandatory provision for the protection of the contingent interests of persons unborn or unascertained if ascertained living persons having contingent interests were not even entitled to notice to the full extent called for by the statute and the citation. The word "unascertained" in the sentence last quoted from the statute, relating to the appointment of a guardian ad litem, refers to unascertained *persons.* It does not refer to persons who may be well known to the accountant as interested in the estate, but the amount of whose interest is not known because it is contingent. There is no occasion to appoint a guardian ad litem to represent the interest of an ascertained and fully competent person merely because that interest is contingent. We are unable to perceive any sound ground on which the distinction between vested and contingent interests can be made the test of the right of a person interested to receive notice by mailing. This position finds support in such cases as we have seen from other jurisdictions. *Stolzenbach's Estate,* 346 Pa. 74, 78. *Matter of Killan,* 172 N. Y. 547, 550. *Matter of Hardy,* 216 N. Y. 132, 137–138. *Appleby* v. *Tom,* (Tex. Civ. App., 1942) 170 S. W. (2d) 519.

The duty imposed by the citation to mail copies "to all persons interested" is, of course, as broad as the duty imposed by the statute to give "such notice as the court may order" "to all persons interested," subject, however, to a reasonable construction of the citation itself as hereinafter explained. *Porotto* v. *Fiduciary Trust Co.* 321 Mass. 638, 642–643. See *Bell* v. *Swift,* 322 Mass. 145. The forms of citations established under G. L. (Ter. Ed.) c. 215, § 30, have the force of law. *Baker* v. *Blood,* 128 Mass. 543, 545.

The argument that notice is· required only to persons

having vested interests rests principally upon *Dexter* v. *Cotting*, 149 Mass. 92, cited in *Waitt* v. *Harvey*, 312 Mass. 384, 391. In the *Dexter* case broad language was used, which, however, should be read in the light of its setting. In that case it was held that the words "all the persons beneficially interested" appearing in Pub. Sts. c. 141, § 16, [1] exempting a trustee from giving sureties on his bond when "all the persons beneficially interested" of full age and legal capacity requested such exemption, and the words "all persons interested" as used in Pub. Sts. c. 141, § 5, providing for the appointment of successor trustees "after notice to all persons interested," included only persons having vested interests. But under those statutes the only matters in issue were the selection of new trustees and the question whether they should give sureties on their bonds. Such matters might well be disposed of on notice to vested interests alone without substantial jeopardy to contingent interests. The trustees must in any event be approved by the court as suitable persons. They could be removed or sureties could be required at any time. That situation is hardly comparable to the present one where accounts are to be finally allowed and where contingent interests might be seriously prejudiced or wiped out altogether without redress ("except for fraud or manifest error," § 24) if the trustees have made improper investments or unauthorized payments or erroneous allocations as between capital and income, or have otherwise incurred liability to the trust fund. Moreover, the statutes with which the court was dealing in *Dexter* v. *Cotting* contained no provision like that contained in the statute now before us specifically requiring the court to protect certain kinds of contingent interests. It is a general principle of law that the rights of persons may not be substantially affected without such notice as will enable them to defend themselves. See *Nazro* v. *Long*, 179 Mass. 451, 455; *Hellier* v. *Loring*, 242 Mass. 251, 252; *Morehardt* v. *Dearborn*, 313 Mass. 40, 45. We are of opinion

---

[1] This statute has been altered materially since the discussion in *Dexter* v. *Cotting*. See now G. L. (Ter. Ed.) c. 205, § 5, as amended by St. 1941, c. 45, § 2.

that the ruling in *Dexter* v. *Cotting* is not to be extended to the settlement of accounts under G. L. (Ter. Ed.) c. 206, § 24, as appearing in St. 1938, c. 154, § 1.

It is also argued that we should apply here the principle applied in suits in equity that it is not necessary to join every interested individual if persons fairly representative of every interested class have been joined. See *Hills* v. *Putnam*, 152 Mass. 123; *Minot* v. *Purrington*, 190 Mass. 336, 340. Passing over the difficulties that there is nothing in the present record from which we can determine whether or not all classes of persons interested are adequately represented by those notified, and that the allowance of the accounts of trustees appointed by the Probate Court is not, in spite of G. L. (Ter. Ed.) c. 206, § 4, a suit in equity for all procedural purposes (*Lannin* v. *Buckley*, 268 Mass. 106, 109), we are at once confronted by the statutory requirement in § 24 of such notice as the court may order "to all persons interested." We are unable to reconcile this requirement and the command of the citation with the idea of class representation.

The construction which we give to G. L. (Ter. Ed.) c. 206, § 24, as appearing in St. 1938, c. 154, § 1, does not, in our view, impose an unreasonable burden upon fiduciaries. The command of the statute that notice be given "to all persons interested" admits of no exception, but the manner in which that notice is to be given is determined by the citation, and the citation must be reasonably construed. It does not demand the impossible. It is impossible to mail a copy of a citation to a person unborn, and as a practical matter it is impossible to mail one to a person whose identity cannot with reasonable diligence be ascertained. The citation does not require that either of these things be done. The court in framing the citation no doubt had in mind that there would be instances where the requirement of mailing would be ineffective and for that very reason added the requirement of publication. Publication is a recognized method of giving notice of a judicial proceeding. *Tyler* v. *Judges of the Court of Registration*, 175 Mass. 71, 78–79. *Long* v. *Simmons Female College*, 218 Mass. 135, 140–141.

*Security Savings Bank* v. *California,* 263 U. S. 282, 288–290. It is often employed in our practice, usually in connection with other methods. But it is a notoriously inefficient method, and in general the policy of the law requires that it be relied upon only as a last resort. So here, if the accountants had, in good faith, after reasonably diligent inquiry, mailed by registered mail copies of the citation to all living persons the legal basis of whose interests in the trust, either vested or contingent, had become known to the accountants, including minors and others legally incompetent and the personal representatives of deceased persons, if such representatives were "persons interested," the publication would have satisfied the statutory requirement of notice to all persons not reached by the mailing. We are unable to see how anything less than this will comply with the requirement of mailing contained in the citation, unless possibly mailing to minors can be dispensed with where a guardian ad litem is appointed — a question which we leave undecided for the present, as hereinafter appears. We do not see how persons can be omitted as unascertained merely because they do not happen at the moment to be known to the accountant, when no reasonable effort has been made to find out about them. It is true that this result does not in all cases furnish the fiduciary a rule of absolute mathematical certainty by which he can secure his final release. But we are not acquainted with any formula that will in all cases furnish that absolute certainty and at the same time give necessary protection to beneficiaries. Throughout all his transactions in connection with his trust the fiduciary is held to the rule of good faith and due diligence. It does not seem improper that he should be held to the same rule in laying the foundation for the proceeding which is finally to determine the propriety of all his previous acts. That is the rule adopted in comparable situations where a fiduciary seeking a decree is obligated to ascertain the parties interested in the disposition of funds in his hands. *Welch* v. *Flory,* 294 Mass. 138. *Cleaveland* v. *Draper,* 194 Mass. 118. *McCabe* v. *Rourke,* 301 Mass. 180. *Hibbard* v. *Aetna Casualty & Surety Co.* 301 Mass. 442, 445.

The second question reported appears to us to be, in substance, whether, because a guardian ad litem was appointed to represent minors, a decree allowing the accounts would be binding upon all minors interested to whom no copies of the citation were mailed.   This involves the question whether a Probate Court can appoint a guardian ad litem for an ascertained minor who has never been made a litigant before it by being notified in the manner required to bring in other parties, with the same effect as if the minor had been made a party in the usual way, although the statute requires such notice as the court may order to all persons interested, and the established form of citation, approved by this court under G. L. (Ter. Ed.) c. 215, § 30, requires notice by registered mail to all persons interested who are not served by delivery.   See *Taylor* v. *Lovering,* 171 Mass. 303, 306; *McKenna* v. *McArdle,* 191 Mass. 96, 99; *Welch* v. *Fox,* 205 Mass. 113; *King* v. *Stowell,* 211 Mass. 246, 252; *Sullivan* v. *Judges of the Superior Court,* 271 Mass. 435, 437; *Anagnostopoulos* v. *Anagnostopoulos,* 307 Mass. 493, 494; *Waitt* v. *Harvey,* 312 Mass. 384, 397.   We understand that in Probate Courts in certain counties many accounts have been allowed on the strength of appointments of guardians ad litem in this way without any notice to the minors of the pendency of the proceedings, either by delivery or by mail.   We think it unnecessary at this time and on this record to determine the validity as to minors of a decree entered in these circumstances.   In any event the case must be remanded to the Probate Court for further service upon persons having contingent interests.   In making further service it may be found as convenient to mail copies of the citation to minors as to adults, and the accountants may prefer to take this second question out of the case by such mailing.   If that is done, the appointment of the guardian ad litem can readily be renewed or confirmed, and the question can be entirely eliminated.

One or two other questions have been argued or suggested in the briefs, but they do not seem to be included in the questions intended to be reported and are not adequately presented on the record before us.   We do not know what

form they may ultimately assume, if after further service they remain material at all.

The cause is remanded to the Probate Court. A supplementary citation is to be issued for service by delivery or by registered mail upon all persons interested as hereinbefore defined who have not already been so served. Upon return of such service a guardian ad litem is to be appointed, or the appointment of the present guardian ad litem confirmed, for all minors or persons under disability upon whom such additional service has been made. Thereafter the cause is to be reheard.

*So ordered.*