New England Peabody Home for Crippled Children *vs.* Frederick H. Page & others, trustees.

Middlesex.    January 4, 1950. — April 27, 1950.

Present: Qua, C.J., Ronan, Wilkins, Spalding, & Counihan, JJ.

*Trust,* Representation of beneficiary by trustee, Trustee's accounts. *Probate Court,* Notice, Accounts.

A decree allowing an account of the trustees under the first clause of a will after notice only by publication and to the trustees of a trust established by the residuary clause was properly revoked where it appeared that an issue raised by such account was the validity of a transfer of property by the accountants to a certain charitable corporation purportedly in accordance with the will, that under the provisions of the will the beneficiaries sharing in the residuary trust and the proportions of their shares would be different in case such purported transfer was invalid from what they would be in case it was valid, and that the interests of the beneficiaries of the residuary trust were conflicting among themselves: in such circumstances the trustees of the residuary trust could not adequately represent the beneficiaries of their trust respecting such account and such beneficiaries were entitled to notice thereon.

Petition, filed in the Probate Court for the county of Middlesex on April 22, 1949, for revocation of a decree allowing an account.

. A decree of revocation was entered by *Leggat*, J.; who reported the case.

*J. A. McCarty*, (*A. R. Smith* with him,) for the appellant trustees under the will of Robert Luce.

*J. B. Dolan*, (*C. R. Cabot* with him,) for the petitioner.

*T. F. Duffy* & *J. A. Duffy*, for Waltham Hospital; and *J. B. Ames*, for The President and Fellows of Harvard College, submitted a brief.

QUA, C.J.    This is a petition by New England Peabody Home for Crippled Children for revocation of a decree of the Probate Court allowing the first and final account of the surviving trustees under clause "1" of the will of Robert Luce, late of Waltham.   Waltham Hospital has "assented to and joined in" the petition, and its name appears on the petitioner's brief, as does also that of The President and Fellows of Harvard College.   All three institutions have similar interests in the subject matter.

The will contains two trusts.   That under clause "1" is a trust of certain real estate and tangible personal property connected therewith for the following purposes:   "(a) To hold, manage, and have charge thereof and at any time within fifteen months after the probate of this will if in their opinion expedient to transfer the same or to sell the whole or any part of the same and to transfer the proceeds of such sale and the part not sold, if any, entirely at their discretion to such corporation, if any, as may be organized and existing under the laws of said Commonwealth, for the purpose of maintaining in said Waltham a home for aged men or for aged married couples or both, as a charitable institution, and is in the opinion of said trustees a sufficiently worthy institution.   I authorize the trustees to form such a corporation."   Clause "1" also includes a paragraph "(c)" the material part of which reads, "(c) If the trust property or proceeds of a sale are transferred within fifteen months after the probate of this will as above provided, I give said corporation the sum of one hundred and twenty-five thousand dollars to be held as a permanent fund under the name of the Luce Fund, the income to be available for the general

purposes of the corporation . . .." Then follows a provision that if the trustees do not within fifteen months after probate of the will transfer the trust property or its proceeds as above provided they may, if in their opinion expedient, at any time after the fifteen months and within two years after the probate of the will, transfer the same to such benevolent or charitable corporation or corporations organized under the laws of this Commonwealth as they may think proper. The clause ends with a paragraph "(h)" in these words: "(h) The whole or any of the trust property not transferred as above provided within two years after the probate of this will shall go into the residue of my estate."

The other trust is found in the residuary clause, which is numbered "18." By this clause the testator left the residue of his estate to trustees to pay the income to certain named persons during their respective lives, and when there should remain but one survivor of them to pay one half of the income to him or her and the other half "to such Home for aged men or aged married couples or both in said Waltham as may have received or become entitled to receive the legacy given by Paragraph No. 1 of this will." Upon the death of the last survivor, legacies of $1,000 each were to be given to two public libraries, and three eighths of the remainder to Waltham Hospital, one eighth to Harvard College for certain purposes, and "one half to such Home for aged men or aged married couples or both in said Waltham as may have received or become entitled to receive the legacy given by" clause "1." The residuary clause contains the further provision, "If such Home has not received nor become entitled to receive said legacy I give of the income and/or principal that would have come to it, five eighths to the Waltham Hospital, one quarter to the New England Home for Crippled Children,[1] and one eighth to said Harvard College" for a specified use.

From the record, including a statement of agreed facts, it appears that on January 17, 1947, the trustees under

---

[1] Named in the petition before us as New England Peabody Home for Crippled Children.

clause "1" transferred the property held by them under that clause to The Leland Home, after which they filed their first and final account showing the transfer and describing The Leland Home as "a charitable institution of said Waltham, organized and existing under the laws of Massachusetts, for the purpose of maintaining in said Waltham a home for aged men or aged married couples or both." The citation on this account required notice by delivering or mailing by registered mail a copy thereof "to all persons interested . . . and, if service be made by registered mail, unless it shall appear that all persons interested have received actual notice, by publishing . . .." G. L. (Ter. Ed.) c. 206, § 24, as appearing in St. 1938, c. 154, § 1. *Young* v. *Tudor*, 323 Mass. 508, 511. The return showed service "as ordered" by mailing and publishing. In fact the accounting trustees, being the trustees under clause "1" of the will, published the citation and gave notice by registered mail to the trustees of the residuary trust, but gave no notice by mailing to New England Peabody Home for Crippled Children or to Waltham Hospital. At that time two of the three trustees of the residuary trust were also trustees under clause "1," but the third trustee of the residuary trust was not a trustee under clause "1." The failure to give notice by mailing to the above named beneficiaries under the residuary trust and the contention that thereby they lost their right to object to the allowance of the account of the trustees under clause "1" and to be heard upon the question whether The Leland Home was qualified to receive the property of the trust under clause "1" are the principal grounds of the petition for revocation of the decree allowing the account.

The judge of probate entered a decree revoking the decree allowing the account, and the trustees under clause "1" appeal.

The appealing trustees under clause "1" assert that the only question in which the petitioners are interested is the question whether the trustees under clause "1" acted within the terms of their trust in transferring the trust property to

The Leland Home, thereby making it eligible to receive the legacy of $125,000 under paragraph "(c)" of clause "1," reducing by that amount the principal of the residuary trust, and making it impossible for any of the trust fund under clause "1" to fall into the residuary trust. The appellants therefore say that the only issues relate merely to the amount of property which should come to the residuary trustees; that in a matter of this kind the residuary trustees were the "persons interested"; and that notice to them was sufficient without notifying any of the beneficiaries of the residuary trust. The appellants invoke the principle that ordinarily in relations between a trust and the outside world, where internal administration of the trust is not involved, the trustees represent the cestuis que trust.

This sound principle was most recently stated by us, with the citation of many cases, in *Gulda* v. *Second National Bank,* 323 Mass. 100, 102–103. But in our opinion the principle does not apply in the peculiar circumstances here presented. It will be noted that by the unusual provisions of Mr. Luce's will, if the property held by the trustees under clause "1" was not properly transferred to The Leland Home, not only would the trust fund under the residue be increased by at least $125,000, but The Leland Home would lose all of its distributive share in that fund, while New England Peabody Home for Crippled Children would become entitled to a share of that fund in which otherwise it would have no share, and the shares of Waltham Hospital and Harvard College would be increased. A decision by the residuary trustees to attack the transfer by the trustees under clause "1" to The Leland Home, would not be a decision merely to seek more property for their own trust. It would be a decision by which, if successful, they would deprive one of the beneficiaries of their own trust of all interest therein to the advantage of others. Put in a different way, this is not a case in which the issues presented on the account of the trustees of the trust under clause "1" affect the residuary trust solely as an entity so that the trustees of that trust adequately represent all the beneficiaries

of that trust. Rather it appears that those issues affect also the rights and duties of the trustees and beneficiaries of the residuary trust as among themselves, and that their interests are in conflict. No practical means is apparent by which the issues could have been determined wholly within the confines of the residuary trust. A suit limited to that trust would not have bound the trustees of the trust under clause "1." Possibly such a suit might have resulted in instructing the residuary trustees whether or not they should oppose the allowance of the account of the trustees under clause "1," but that would have burdened the court with two hearings on the same subject matter, and the parties interested in the account of the trust under clause "1" could hardly have been compelled to wait for a preliminary suit to be completed among persons interested only in the residuary trust. This situation was fully apparent from the face of the document under which the accounting trustees were acting. No case like this has been brought to our attention, but the sound and reasonable course to have taken seems to us to have been to recognize that this was not a case in which the persons interested through the residuary trust could be adequately represented by the trustees of that trust and to have notified such persons so that they could have acted for themselves in the protection of their own interests in accord with the broad principle governing equitable proceedings that all persons interested in the subject matter should be parties to the proceeding. See *Gulda* v. *Second National Bank*, 323 Mass. 100; *Sears* v. *Hardy,* 120 Mass. 524, 529–530; *Cassidy* v. *Shimmin*, 122 Mass. 406, 410–411; *Pierce* v. *Gould*, 143 Mass. 234; *First National Bank* v. *Crafts*, 145 Mass. 444; *Richmond* v. *Adams National Bank*, 152 Mass. 359, 365; *Holian* v. *Holian*, 265 Mass. 563, 566; *Hallett* v. *Moore*, 282 Mass. 380, 390; *Shirk* v. *Walker*, 298 Mass. 251, 262; Bogert, Trusts and Trustees, § 593.

We think that the judge rightly revoked the decree allowing the account in order that this might be done.

We do not find it necessary to consider whether the fur-

ther fact that two out of three of the trustees of the residuary trust were among the accounting trustees under clause "1," the third trustee not being so involved, furnishes an additional ground in support of the decree.

*Decree affirmed.*