WILLIAM H. CLAFLIN, JUNIOR, & another, executors, petitioners.

Middlesex.    October 10, 1957. — January 8, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Trust,* Representation of beneficiary by trustee. *Probate Court,* Notice, Accounts. *Executor and Administrator,* Accounts. *Guardian,* Guardian ad litem.

On a petition for allowance of the account of the executor of a will, the beneficiaries of a trust established by the will were represented by a trustee who was independent of the executor and were not entitled to notice in addition to that given to the trustee.    [581–582]

In G. L. (Ter. Ed.) c. 206, § 24, as appearing in St. 1950, c. 413, the words "other persons interested to whom such notice has not been given" should be read as meaning "other persons interested to whom notice should be given but to whom notice has not been given." [583]

The appointment of a guardian ad litem for beneficiaries of a trust under a will whose trustee was independent of the executor of the will was not required by G. L. (Ter. Ed.) c. 206, § 24, as appearing in St. 1950, c. 413, in connection with a petition for allowance of the executor's account.    [583–584]

PETITION, filed in the Probate Court for the county of Middlesex on January 31, 1956, for allowance of an account.

The petitioners appealed from a decree by *Leggat*, J.

*Loring P. Jordan, Jr.*, for the petitioners.

*Alfred Gardner*, by leave of court, submitted a brief as amicus curiae.

WILKINS, C.J. The executors of the will of Katharine W. Atkins, late of Belmont, by this appeal from a decree of the Probate Court disallowing their first account, raise for our determination a question of notice. The judge has reported the material facts found by him.

The executors qualified on December 8, 1953. The Second National Bank of Boston was appointed trustee under Article Fifth, and upon its resignation was succeeded by Second Bank-State Street Trust Company.

Article Fifth devised and bequeathed one half the residue to the trustee to "establish a trust fund for my grandson, Edwin F. Atkins, of One Hundred and Twenty Thousand (120,000) Dollars, to pay him the net income thereof during his life and upon his death to pay over and convey the principal thereof to his issue then surviving by right of representation or, if there be no such issue, to my issue then surviving by right of representation." Pursuant to another provision of Article Fifth, more of this half of the residue has now been added to the fund.

Edwin is believed to be domiciled in the District of Columbia. He is in the diplomatic service of the United States of America, and for some years has been stationed in Cairo, Egypt. His issue are two minor children.

On January 31, 1956, the executors filed their first account for the period commencing December 8, 1953, and ending December 31, 1955. In it they charged themselves with various receipts, asked credit for payment of sundry items, including debts, administration expenses, and distributions to legatees and to the trustee under Article Fifth, and showed a balance.

A citation issued, returnable February 28, 1956, in the usual form. Notice was ordered by delivering or mailing by

registered mail a copy to all persons interested fourteen days at least before the return day; and if service was made by registered mail, unless it should appear that all persons interested should have received actual notice, by publishing. On the citation counsel for the executors certified that he had served as ordered by mailing and by publishing. In fact, counsel served by sending a copy by registered mail to the trustee under Article Fifth and to the other legatees and devisees. He did not serve, by delivering or mailing, on the beneficiaries under the trust except that he did serve by registered mail Edwin, who was also a legatee under another article.

On the return day the judge appointed a guardian ad litem for the minors and for persons unborn and unascertained, and the executors appealed. It later appearing at a conference with counsel that no notice had been given the minors, because the executors contended that notice to the trustee under Article Fifth was sufficient notice, the executors withdrew the appeal and the court revoked the appointment of the guardian ad litem.

On June 26, 1956, the court ordered a new citation to issue to the beneficiaries of the trust. This was returnable July 24, 1956, and was in the usual form ordering notice by delivering, or mailing by registered mail, a copy to all persons interested fourteen days at least before the return day.

Upon the second citation counsel for the executors made the following return: "I have not made service of the within citation for the reasons: (a) That all legatees, devisees and all other persons entitled to share in the estate whose interests are not represented, except by the accountant — as the foregoing expression is used in G. L. (Ter. Ed.) c. 206, § 24, as amended — have been duly served with notice of the previous citation dated February 1, 1956; (b) That the trustee under said will, which received notice of the previous citation, so represents the beneficiaries under the trust; (c) That the beneficiaries under said trust since they are so represented are not entitled to notice of either citation and have not been given such notice."

If the return had shown service in accordance with the order, the judge would have appointed a guardian ad litem for the minors and for persons unborn and unascertained. As it was, a decree was entered disallowing the account, "all persons interested not having been duly notified."

In *Young* v. *Tudor,* 323 Mass. 508, there was a petition for the allowance of a trustees' account. The statute then required notice to "all persons interested." G. L. (Ter. Ed.) c. 206, § 24, as appearing in St. 1938, c. 154, § 1. Beneficiaries having contingent interests had not been notified. Our holding was that they were included within the comprehensive statutory requirement, and should have been given notice.

Soon after the decision in *Young* v. *Tudor,* G. L. (Ter. Ed.) c. 206, § 24, as appearing in St. 1938, c. 154, § 1, was amended by St. 1950, c. 413, which provided: "Upon application for the allowance of an account filed in the probate court such notice as the court may order shall be given by publication, unless all persons interested receive actual notice, and by delivering or mailing by registered mail a copy of the citation . . . (2) For accounts of executors and administrators with the will annexed to all legatees and devisees and to all other persons entitled to share in the estate whose interests are not represented except by the accountant. . . ."

The precise question is whether the beneficiaries are represented by the trustee so that notice of the petition for the allowance of the executors' account need not be given to them in addition to that given to the trustee. There is no conflict of interest between the trustee and the beneficiaries. Both trustee and beneficiaries are equally interested in acquiring all property belonging to the trust. *Brigham* v. *Morgan,* 185 Mass. 27, 41. The ordinary rule is that in relations between a trust and the outside world, where internal administration of the trust is not involved, the trustee represents the cestuis que trust. *Gulda* v. *Second National Bank,* 323 Mass. 100, 102–103. *New England Peabody Home for Crippled Children* v. *Page,* 325 Mass. 663, 667.

Circumstances are here lacking which in other cases led to the need for notice to beneficiaries. In the *Gulda* case one of the beneficiaries was seeking to set aside the trust instrument and acquire the trust property for herself free of the trust. In the *New England Peabody Home* case there were conflicting interests among the beneficiaries, and action by the trustee might deprive one beneficiary of his interest to the advantage of the others.

In this aspect of the case we conclude that notice to the trustee was sufficient notice to the beneficiaries of the trust under Article Fifth, and that it was error to disallow the account on the ground stated.

The executors and the amicus curiae urge us also to make an expression of opinion as to the appointment of a guardian ad litem. The question is not immediately presented. The judge, however, who previously made such an appointment when he assumed that notice had been given to the beneficiaries, has stated in his report of material facts that he would have appointed a guardian ad litem for the minors and for persons unborn and unascertained if service had been made in accordance with the order on the second citation. It is reasonable to assume that a decree appointing a guardian ad litem will be entered when the case is again heard in the Probate Court, and will become the subject of another appeal to this court, in all likelihood after the expense attendant upon an appointment has been incurred. Although the issue has been argued on one side only, it is likely that but one side will be argued upon the probable second appeal. We, accordingly, shall indicate our views. *Wellesley College* v. *Attorney General*, 313 Mass. 722, 731. *Massachusetts Charitable Mechanic Association* v. *Beede*, 320 Mass. 601, 609. *Maria Konopnicka Society of the Holy Trinity Polish Roman Catholic Church* v. *Maria Konopnicka Society*, 331 Mass. 565, 569.

For this purpose we must read as a whole G. L. (Ter. Ed.) c. 206, § 24, as appearing in St. 1950, c. 413. In addition to the part of that section quoted above there are provisions as to what persons should be given notice for the allowance

of accounts of administrators, guardians, conservators, and trustees. The section then continues: "(5) For accounts of special administrators or in other kinds of fiduciary accounts or where the court deems special circumstances exist to such persons as the court may direct; and in all cases to the executor or administrator of any deceased person entitled to notice or to those in being who have succeeded to the interest of such deceased person, and to other persons who are or may become interested and who shall have filed with the accountant and the register of probate a request in writing for notice of proceedings on accounts. . . .

"If there are *other persons interested to whom such notice has not been given* [italics supplied] by delivery or registered mail, or if the interests of persons unborn, unascertained or legally incompetent to act in their own behalf are not represented except by the accountant, the court shall appoint as guardian ad litem a competent and disinterested person to represent such interests and persons . . . ."

The language quoted in the immediately preceding paragraph is not expressed with unmistakable clarity, but an interpretation not bordering upon the absurd must be given to the italicized words. We think that these should be read as meaning "other persons interested to whom notice should be given but to whom notice has not been given." Under subparagraph (2) quoted in the earlier part of the opinion notice need not be given to the beneficiaries of the trust; and they are not in the class which is "not represented except by the accountant." Section 24, therefore, does not require that a guardian ad litem be appointed for them. Whether a finding of "special circumstances" under subparagraph (5) would be justified is not presented. Compare Rule 3 of Rules of the Probate Court (1934).

The absence of any mandatory requirement to appoint a guardian ad litem is in the best interests of economical administration of the estate. See *Lynde* v. *Vose*, 326 Mass. 621, 623–624. For allowance of the executors' account reliance can safely be placed upon the responsibility of the trustee. No need here appears for the appointment of a

guardian ad litem to duplicate the work· of the trustee, a fiduciary of at least equal dignity having itself an obligation to account. The trustee's duty to account is the feature which is of the greatest practical importance here. When the time comes for the allowance of a trustee's account, minors and unborn and unascertained persons who are or may become beneficiaries under the trust will have the protection of a guardian ad litem. ·

*Decree reversed.*