Second Bank–State Street Trust Company, trustee, & others *vs.* John H. Linsley, guardian ad litem.

Middlesex.     March 9, 1960. — June 3, 1960.

Present: Wilkins, C.J., Spalding, Williams, Whittemore, & Cutter, JJ.

*Probate Court,* Report, Accounts. *Jurisdiction,* By consent or waiver. *Trust,* Trustee's accounts. *Guardian,* Guardian ad litem.

Where, in connection with a proceeding for allowance of a trustee's accounts, the question of the right and duty of a guardian ad litem to examine certain papers in determining the propriety of the accounts was raised by a subpoena issued by him to produce the papers at the hearing on the accounts and by a petition to quash the subpoena, the judge, without a ruling on such question and before hearing on the accounts, had no power under G. L. c. 215, § 13, to report such question to this court.   [116]

Waiver or consent of the parties could not confer on a judge of a Probate Court power to make a report to this court not authorized by G. L. c. 215, § 13.   [116]

A guardian ad litem appointed to represent beneficiaries of a trust under a will in connection with accounts of the trustee was not as a matter of law barred from examining vouchers supporting the allowed account of the executor, a person other than the trustee, in the allowance of which the trust beneficiaries had been represented solely by the trustee; but circumstances such as a reasonable investigation already made by the trustee of the affairs of the estate and the executor's account and the vouchers and a broad exculpatory clause in the will applicable to both the executor and the trustee should be taken into consideration by the guardian in determining his duty respecting the vouchers.   [117–118]

PETITION, filed in the Probate Court for the county of Middlesex on June 3, 1959, to quash subpoenas issued to produce certain papers at a hearing on trustees' accounts.

A report was made by *Leggat, J.*

*Loring P. Jordan, Jr.,* for the petitioners.

*John H. Linsley,* guardian ad litem, *pro se.*

WILKINS, C.J.   This proceeding involves the duties of the respondent as guardian ad litem in relation to the allowance of four accounts of a trustee and a successor trustee under the will of Katharine W. Atkins.   The underlying question is whether he is obliged or privileged to scrutinize vouchers which support the accounts of the executors under the same will, there being no identity between the executors and the trustees.   His report states that he has "no reason to believe that the accounts now presented for allowance are in anything but good order."

Following the decision in *Claflin, petitioner,* 336 Mass. 578, a decree was entered allowing the first account of the executors.   Later their second and final account, which showed a complete distribution of the estate, was allowed. Due to the holding in *Claflin, petitioner,* no notice was given to Edwin F. Atkins and his three minor children, all of whom are beneficiaries under the trust set forth in Article Fifth of the will.[1]   The respondent was appointed to repre-

---

[1] "Article Fifth devised and bequeathed one half the residue to the trustee to 'establish a trust fund for my grandson, Edwin F. Atkins, of One Hundred and Twenty Thousand (120,000) Dollars, to pay him the net income thereof during his life and upon his death to pay over and convey the principal thereof to his issue then surviving by right of representation or, if there be no such issue, to my issue then surviving by right of representation.'   Pursuant to another provision of Article Fifth, more of this half of the residue has now been added to the fund."   *Claflin, petitioner,* 336 Mass. 578, 579.

sent these minor children and persons unborn and unascertained. The four trustee's accounts are the first and final account of The Second National Bank of Boston, and the first, second, and third accounts of Second Bank–State Street Trust Company, as successor trustee.

The guardian ad litem requested the executors to make available for his inspection the income, estate, and inheritance tax returns of the estate and vouchers in support of their accounts. The executors' attorneys declined the request, stating their understanding that the executors' accounts had been finally adjudicated, and that the duty of the guardian ad litem neither required nor authorized him to consider these documents. The successor trustee wrote the guardian ad litem that the executors, who were well known to both trustees, conferred with officers of the trustees on many occasions during the administration of the estate; that the respective trustees were kept informed of all major administration items; and that the accounts of the executors and their vouchers have been examined by the successor trustee to a sufficient extent, in its opinion, to determine that the items were proper, and that the distributive share to which the trustee was entitled was correctly calculated.

The guardian ad litem filed a report objecting to the allowance of the accounts because, since the vouchers were not furnished, "he will be unable to determine whether the trustee[1] of the testamentary trust was negligent in permitting the allowance of the executors' accounts without objection, to ascertain the correctness of the amounts turned over by the executors to the testamentary trustee (and thus determine the question of negligence), and otherwise adequately to represent interests of minors and unborn and unascertained persons."

The trustees' accounts were set down for allowance on June 15, 1959. On May 18, the guardian ad litem subpoenaed the executors to produce at the hearing all income,

---

[1] We are not sure whether the guardian ad litem seeks to investigate the conduct of both trustees or of only the successor trustee.

estate, and inheritance tax returns and vouchers in support of their own accounts. On June 3 the executors and the successor trustee filed in the Probate Court this petition and prayed that a decree be entered quashing the subpoenas.

The case is reported without decision by the probate judge in these words, "Being of opinion that this proceeding involves a novel question, I reserve and report the same to the Supreme Judicial Court for its determination."

1. The initial question is the jurisdiction of the probate judge to make this reservation and report. The sole source of that power is to be found in G. L. (Ter. Ed.) c. 215, § 13,[1] which is limited to (1) cases in which interlocutory decrees or orders have been made; and (2) cases that have been "heard for final determination" in which the judge may "reserve and report the evidence and all questions of law therein for consideration of the full court, and thereupon like proceedings shall be had as upon appeal." *Dunlop* v. *Claussen,* 313 Mass. 715, 716.

This is not a case in the first class because no ruling was made.[2] Nor is it one in the second class. The petition to quash the subpoenas was incidental to a hearing on the allowance of the accounts. In substance it was a motion to quash and akin to an objection to evidence. See cases collected in 130 A. L. R. 327. The case is not properly here on report.

2. The guardian ad litem endeavors to waive any objection to procedure to the end that the case may be considered on the merits. Where there is a lack of jurisdiction, waiver or consent cannot confer it. *Mark* v. *Kahn,* 333 Mass. 517, 519. The nature of the question, however, is such as to make appropriate an indication of our views. *Wellesley*

[1] "A judge of the probate court by whom a case or matter is heard for final determination may reserve and report the evidence and all questions of law therein for consideration of the full court, and thereupon like proceedings shall be had as upon appeal. And if, upon making an interlocutory decree or order, he is of opinion that it so affects the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, he may report the question for that purpose, and stay all further proceedings except such as are necessary to preserve the rights of the parties."

[2] Even if a ruling had been made, the proceeding, because of its incidental nature, could not have been reported. *Vautier, petitioner,* 340 Mass. 341, 344.

*College* v. *Attorney Gen.* 313 Mass. 722, 731. *Massachusetts Charitable Mechanic Assn.* v. *Beede,* 320 Mass. 601, 609. *Vautier, petitioner,* 340 Mass. 341, 344–345.

3. In *Claflin, petitioner,* 336 Mass. 578, we held that the trustee represented the beneficiaries of the trust in the matter of the allowance of the executors' accounts, and that a guardian ad litem should not have been appointed to represent the beneficiaries. We then said (p. 584) : "The trustee's duty to account is the feature which is of the greatest practical importance here. When the time comes for the allowance of a trustee's account, minors and unborn and unascertained persons who are or may become beneficiaries under the trust will have the protection of a guardian ad litem."

The time for allowance of the residuary trustee's accounts has come. Involved in the allowance are (1) the trustee's administration of the trust, and (2) the trustee's performance of its duty to acquire from the executors everything to which the trust is entitled. See Newhall, Settlement of Estates (4th ed.) § 469. The petitioners argue that the guardian ad litem appointed in the matter of the trustee's accounts has no right or duty to consider vouchers supporting the executors' accounts, which were regularly allowed, especially since his written report to the court in substance disclaims any ground for suspicion. These are significant circumstances to be weighed by the probate judge in fixing, in his discretion, the value of the services of the guardian ad litem to the estate. Similar considerations should influence the guardian ad litem in deciding when to close this branch of his own investigation. Once it should appear to him that there has been reasonable investigation by the trustee, a heavy burden will descend upon him to justify further expenditure of his time. Nevertheless the circumstances do not operate as a rule of law to interpose a complete bar to a reasonable performance of a part of his duties.

Where there have been previous decrees on the executors' accounts, the amount of time which may be needfully

spent by the guardian ad litem is a subject for close scrutiny. This observation is most pertinent here where the will contains an exculpatory clause, which provides: "No executor . . . or trustee shall be liable for any error in judgment or for anything except his . . . or its own individual wilful misconduct." The guardian ad litem in his report states that his object is "to determine whether the trustee of the testamentary trust was negligent." Proof of negligence would not be proof of wilful misconduct. *New England Trust Co.* v. *Paine,* 317 Mass. 542, 548–550. If an intention to show nothing but negligence persists, investigation of the executors' vouchers and tax returns will not be justified.

*Report dismissed.*