MADELINE (KANNEN) AZARIAN & another[1] vs. THE FIRST
NATIONAL BANK OF BOSTON, executor.

Worcester. February 2, 1981. — May 1, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Trust*, Representation of beneficiary by trustee. *Probate Court*, Notice,
    Accounts. *Executor and Administrator*, Accounts.

Where the executor of a will giving the residue of the testator's estate to an
    inter vivos trust was also one of two trustees of the trust and where the
    beneficiaries of the trust had received no notice of proceedings seeking
    allowance of the executor's accounts, the beneficiaries were entitled to
    revocation of the allowance of the accounts. [494-496] WILKINS, J.,
    dissenting.

PETITION for probate of a will filed in the Probate Court
for the county of Worcester on March 2, 1970.

A motion filed on October 31, 1979, to revoke allowance
of the executor's accounts was heard by *McManus*, J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*David S. Fox (Michael B. Milsom* with him) for the plain-
tiffs.

*Brian D. Bixby* for the defendant.

BRAUCHER, J.  The Probate Court allowed accounts filed
by the executor under the will of Gregory J. Azarian, late of
Westminster.  The will gave tangible personal property to
issue of the testator — three minor daughters — and the
residue to a living trust of which the three daughters are
now the only beneficiaries.  Two of the daughters moved to
vacate the judgment allowing the accounts, claiming that
their attorney had filed an appearance before the accounts

---

[1] Margaret E. Azarian.

were allowed but they had never received notice pursuant to G. L. c. 206, § 24. The motion was denied, the two daughters appealed, and we transferred the case to this court on our own motion. We reverse the order denying the motion and remand the case for further proceedings.

The testator died February 21, 1970, and his will was probated March 24, 1970. The will named Alice W. Ettinger guardian of the children, and she and the executor became the trustees of the living trust. The executor filed accounts in 1971, 1972 and 1973, covering periods ending in February, 1973. Two of the daughters attained majority in 1973 and 1974, and on May 27, 1977, their attorney filed an appearance in the Probate Court. He did not, however, send a copy of his appearance to the executor. See Mass. R. Civ. P. 5 (a), 365 Mass. 745 (1974). On August 23, 1977, the executor filed its fourth account, covering a period ending in February, 1977, and sought allowance of all four accounts.

Before the accounts were allowed, the court ordered that the executor give notice "by delivering or mailing by registered or certified mail" a copy of the citation "to all persons interested" and, "if service be made by registered or certified mail, unless it shall appear that all persons interested have received actual notice, by publishing . . . ." See G. L. c. 206, § 24; G. L. c. 215, § 46 (registered mail); G. L. c. 4, § 7, Forty-fourth (certified mail); Mass. R. Civ. P. 4 (h), added by 367 Mass. 917 (1975); Mass. R. Civ. P. 72, 371 Mass. 910 (1977); Kehoe, Probate Accounts Revisited: New Mass. R. Civ. P. 72, 62 Mass. L.Q. 113 (1977). The return of service stated that the citation·was served "by publishing and by mailing by certified mail to all interested parties as ordered." But the daughters denied receiving notice, and there was no evidence of mailing to them or their counsel before 1978. The four accounts were allowed as uncontested accounts on September 21, 1977.

Under G. L. c. 206, § 24, as amended through St. 1963, c. 356, notice of application for the allowance of an executor's account is to be given "to all legatees and devisees and

to all other persons entitled to share in the estate whose interests are not represented except by the accountant." The return upon the citation was prima facie evidence of proper service. Mass. R. Civ. P. 5 (d), 365 Mass. 745 (1974). Probate Court Rule 3 (1959). *Porotto* v. *Fiduciary Trust Co.,* 321 Mass. 638, 642-643 (1947). But when it appears that notice was not given to a particular person entitled thereto, the account can be reopened in order to give him his day in court. *Id.* See 2 G. Newhall, Settlement of Estates and Fiduciary Law in Massachusetts § 285 (4th ed. 1958).

The appellants did not contend in the Probate Court that they were entitled to notice as legatees under the will, and we do not consider that possibility. It is not contended that notice to Ettinger as guardian was the equivalent of notice to the appellants after they became of age. The executor argued successfully that they were not entitled to notice as beneficiaries of the living trust to which the residue of the estate was given, since notice was given to the trustees.

It is common ground that an accounting executor cannot bind the beneficiaries of the trust by his assent as trustee to his own account as executor. *Waitt* v. *Harvey,* 312 Mass. 384, 395 (1942). In the words of the statute, in such a case, the beneficiaries' interests "are not represented except by the accountant." In 2 G. Newhall, Settlement of Estates and Fiduciary Law in Massachusetts § 285, at nn. 10, 11 (4th ed. 1958), the opinion was expressed that the assent of a trustee "is probably sufficient without notice to the beneficiaries of the trust, since as a general rule a trustee represents the beneficiaries. If, however, the executor is also the trustee, *or one of them,* or there are any conflicting interests, the beneficiaries should receive notice" (emphasis supplied). The author cited *Gulda* v. *Second Nat'l Bank,* 323 Mass. 100, 102-103 (1948), and *New England Peabody Home for Crippled Children* v. *Page,* 325 Mass. 663, 667-669 (1950), both cases of conflict of interest. In the *Page* case the court left open the effect of notice to a cotrustee of the accounting executor. In *Claflin, petitioner,* 336 Mass. 578, 581-582 (1958), we held that notice to the trustee was

sufficient where there was no conflict of interest between the trustee and the beneficiaries and the trustee was not one of the accounting executors.

In the opinion of a majority of the court, the rule as to notice laid down in the *Claflin* case[2] should not be applied mechanically where the accounting executor is one of the trustees and there are competent adult beneficiaries known and accessible to the executor-trustee. In a sense, if the interests of the beneficiaries are represented by a cotrustee who is not the accounting executor, they are "represented except by the accountant." But cotrustees must act unanimously in most matters. See 3 A. Scott, Trusts § 194 (3d ed. 1967). The cases on conflict of interest show that some inquiry may be made into the adequacy of the representation. Unless the cotrustee is financially responsible and is represented by independent counsel, the representation may well be far less adequate than self-representation by a competent adult beneficiary. Nevertheless, since it is represented that many accounts have been allowed in reliance on the unqualified language of the *Claflin* opinion, we shall apply the *Claflin* rule as to notice to cases like the present one if the account has been allowed before the date of this opinion and no proceeding like the present is pending on that date. See Kehoe, Allowance of Probate Accounts, 59 Mass. L.Q. 315, 320-325 (1974).

In the present case counsel for the appellants made himself known to the executor in May, 1978, several months after the accounts were allowed. After some correspondence and discussion he moved to reopen the accounts in Oc-

---

[2] The statute, the *Claflin* opinion, and the cited commentaries deal separately with the need for a guardian ad litem. In the present case the will contains a clause, pursuant to G. L. c. 206, § 24, last par., inserted by St. 1963, c. 356, requesting the court to dispense with the appointment of a person to represent the interests of persons unborn or unascertained. No issue is raised with respect to the appointment of a guardian ad litem, and we express no opinion on any such issue. On such an issue considerations of expense may be more significant than on the matter of notice, and the adequacy of representation may depend on additional factors. See *Dwight* v. *Dwight,* 371 Mass. 424, 427-428 (1976).

tober, 1979. At the hearing on the motion he offered to state the basis of his objections to the accounts. It is not suggested that the executor-trustee has suffered prejudice from the delay. We think justice will be served if the matter is reopened to give the beneficiaries their day in court.

The order denying the motion to revoke the allowance of the four accounts filed by the executor is reversed. The case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*

WILKINS, J. (dissenting). I would affirm the order denying the motion to revoke allowance of the executor's accounts. The independent trustee represented the interests of the beneficiaries of the trust, and because, pursuant to G. L. c. 206, § 24, the interests of the beneficiaries were represented by someone other than the accountant, no notice was required to be given to the beneficiaries (as beneficiaries). This is not a case where the beneficiaries' "interests are not represented except by the accountant." G. L. c. 206, § 24.

The rule for the future announced by the court may be good policy, but it runs contrary to the judgment made by the Legislature concerning notice. The testator-settlor made the choice to have an independent trustee, and the consequences of that choice should be respected. There is no claim that the independent trustee was in fact not independent, that she had a conflict of interest, or that any special circumstance made her role inappropriate as protector of the beneficiaries' interests.