JOHN R.D. McCLINTOCK & another, trustees, *vs.*
LAWRENCE J. SCAHILL, trustee, & others.

Essex. September 14, 1988. — November 14, 1988.

Present: WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Jursidiction,* State law affecting Federal tax. *Trust,* Taxation, Trustee's au-
thority, Representation of beneficiary by trustee. *Devisee and Legacy,*
Taxes, Disclaimer by beneficiary. *Fiduciary. Words,* "Beneficiary."

A disclaimer under G. L. c. 191A, by the trustee of an inter vivos trust created
by a husband and wife for their grandchildren, of a distribution from a
revocable trust established by the husband was valid and effective.
[399-400]

CIVIL ACTION commenced in the Essex Division of the Pro-
bate and Family Court Department on April 22, 1987.

The case was heard by *William Highgas, Jr.,* J., on a state-
ment of agreed facts and was reported by him to the Appeals
Court. The Supreme Judicial Court granted a request for direct
review.

*Philip M. Cronin* (*Roger D. Matthews* with him) for the
plaintiffs.

*Robert G. Stewart* for Lawrence J. Scahill & another.

*James G. Wheeler & Evelyn V. Moreno,* for the intervener,
were present but did not argue.

*William B. Duffy, Jr.* (*Richard L. Wulsin* with him) for the
guardian ad litem.

LYNCH, J. The plaintiffs, John R.D. McClintock and Law-
rence J. Scahill, are trustees of the Philip S. Weld revocable
trust. They filed a complaint for instructions in the Probate
and Family Court Department seeking a determination of the
validity of a disclaimer under G. L. c. 191A (1986 ed.), by
the defendant Lawrence J. Scahill, trustee of an inter vivos

trust created by Philip and Ann Weld for their grandchildren (grandchildren's trust). The Probate Court reported the case to the Appeals Court under Mass. R. Civ. P. 64, 365 Mass. 831 (1974), and we granted the plaintiffs' application for direct appellate review.[1]

The parties agree on the following facts. Philip S. Weld's will left the residue of his estate to the plaintiffs as trustees of the Philip S. Weld revocable trust. The terms of the Philip S. Weld revocable trust instruct the plaintiffs to distribute certain of the Philip S. Weld revocable trust assets at Philip's death to the grandchildren's trust. As trustee of the grandchildren's trust, Lawrence Scahill disclaimed under G. L. c. 191A, the distribution from the Philip S. Weld revocable trust in order to provide favorable estate tax consequences to the Philip S. Weld estate.[2] The grandchildren's trust was created as part of the joint estate plans of Philip S. Weld and his wife Ann,[3] and Scahill knew that Ann Weld's financial planning always included ultimately funding the grandchildren's trust. He, therefore, believed that the beneficiaries of the grandchildren's trust would benefit in the long run from the estate tax savings the disclaimer would yield.

The parties seek a determination of the validity of the G. L. c. 191A disclaimer since the Internal Revenue Service (IRS) has questioned a trustee's authority to disclaim under the statute.[4] The sole issue for our determination is whether a trustee

---

[1] The third sentence of rule 64 provides, "The court, upon request of the parties, in any case where the parties agree in writing as to all the material facts, may report the case to the Appeals Court for determination without making any decision thereon."

[2] The parties indicate that by disclaiming the $415,664 distribution from the Weld trust, the amount of Federal and Massachusetts estate tax payable from the estate of Philip S. Weld would be decreased by $625,000.

[3] Ann survived Philip and was alive when the disclaimer was executed.

[4] The parties to this action all argue that the disclaimer should be upheld under G. L. c. 191A, and that it is only the IRS which questions the trustee's authority to disclaim on behalf of the trust. Even though the IRS is not a party to this action, and the case may be viewed as lacking "the usual adversary characteristics," we may decide the issue. *Pastan* v. *Pastan,* 378 Mass. 148, 149 n.5 (1979). *First Nat' l Bank* v. *First Nat' l Bank,* 375 Mass. 121 (1978). *Dana* v. *Gring,* 374 Mass. 109, 110, 113-115 (1977). *Babson* v. *Babson,* 374 Mass. 96, 101-103 (1977).

may disclaim an interest in property pursuant to G. L. c. 191A.[5] We conclude that the trustee is empowered to disclaim.

The trust instrument specifically provided that the broad grant of powers enumerated therein was in addition to, and not in limitation of, the common law and statutory powers of the trustee. General Laws c. 191A, § 2, authorizes a "beneficiary" to disclaim certain interests in property to which the beneficiary becomes entitled after a person's death, including interests from either an inter vivos or testamentary trust.[6] Section 1 defines a "beneficiary" as: "any person to whom, and any estate, *trust*, corporation or other legal entity to which, an interest in property would pass in any manner described in section two, except for the execution and filing of a disclaimer in accordance with the provisions of this chapter" (emphasis supplied). The trust is, therefore, permitted to disclaim in accordance with the provisions of the statute, but c. 191A does not specify whether it is the trustee or the beneficiaries who disclaim on behalf of the trust. However, a trustee represents and acts for the trust in dealing with third parties. *Claflin, petitioner*, 336 Mass. 578, 581 (1958). Also, a trustee has full legal title to all property of a trust and the rights of possession that go along with it. *Kaufman* v. *Federal Nat'l Bank*, 287 Mass. 97, 101-102 (1934). See J.F. Lombard, Probate Law and Practice § 1324, at 454-455 (1962). A trustee not only has the express powers contained in the trust instrument but also "implied" powers necessary to carry out the purpose of the trust. J.F. Lombard, Probate Law and Practice § 1471, at 2-3 (1962 & 1988 Supp.).

---

[5] In the complaint the plaintiffs also sought instructions on how the amount disclaimed should be distributed if the Probate Court found the disclaimer valid. Although the Probate Court reported the entire case, we decline to address this issue since it was neither briefed nor argued on appeal.

[6] General Laws c. 191A, § 2, provides in pertinent part: "Unless barred by the provisions of section eight, a beneficiary may disclaim any interest in property which . . . pass to the beneficiary: 1. By intestate succession, devise, legacy, bequest, exercise or nonexercise of a power of appointment exercisable by will, or . . . as beneficiary of a testamentary trust . . . . 2. As donee, grantee, beneficiary of an inter-vivos trust . . . ."

The trust instrument grants to the trustee the specific additional powers to invest principal and income, vote securities held by the trust, and to sell, lease, mortgage, or otherwise dispose of trust property. See G. L. c. 184B, § 2 (1) (1986 ed.). Given the broad powers of the trustee there is no indication either in the trust instrument or the statutory framework that the disclaimer power should not be exercised by the trustee.

In defining the term "beneficiary" in G. L. c. 191A, § 1, the Legislature evidenced an intent that persons acting in a representative capacity disclaim on behalf of the potentially benefited group. The definition of "beneficiary" includes an "estate," a "corporation," and "other legal entit[ies]." Although the meaning of these terms is not before us, their inclusion in the definition of beneficiaries who may disclaim supports our conclusion that it is the trustee, as representative of the trust, who exercises the disclaimer authority. See *Commonwealth* v. *Baker*, 368 Mass. 58, 68 (1975), citing *Hodgerney* v. *Baker*, 324 Mass. 703, 706 (1949) (in construing meaning of word or phrase in a statute, court should "relate the words in question to the associated phrases in the statutory context").

Our decision will not affect adversely the beneficiaries of trusts since the trustee's fiduciary status requires any decision to disclaim be made in good faith with the best interests of the trust's beneficiaries in mind. See, e.g., *Young* v. *Tudor*, 323 Mass. 508, 515 (1948) ("Throughout all his transactions in connection with his trust the fiduciary is held to the rule of good faith and due diligence"); *Boston Safe Deposit & Trust Co.* v. *Lewis*, 317 Mass. 137, 140 (1944) ("A trustee must exercise good faith and act solely in the interests of the beneficiaries in administering the trust"). No claim that trustee Scahill's disclaimer was improvident is presented in this case.

We therefore conclude the disclaimer executed by Lawrence J. Scahill, as trustee of the grandchildren's trust is valid and effective. We remand the case to the Probate Court for further proceedings.

*So ordered.*