Frison, Shannon, J.
This case arises out of the Office of Medicaid’s denial of Christina M. Robertson’s application for long-term Medicaid benefits.[1] The Office of Medicaid, also known as MassHealth for the Massachusetts Medicaid program it administers, see G.L.c. 118E, §9A, falls under the authority of the Secretary of the Executive Office of Health and Human Services. See G.L.c. 6A, §§16, 16B. Ms. Robertson’s estate brings this action for judicial review of MassHealth’s decision under G.L.c. 30A, §14. Both parties nowmove for judgment on the pleadings. A hearing has been held on those motions.
For the following reasons, the plaintiffs Motion for Judgment on the Pleadings is DENIED. The defendant’s Motion for Judgment on the Pleadings is ALLOWED.
BACKGROUND
Judicial review of an agency decision is confined to the administrative record. M.G.L.c. 30A, §14(4)(5). The record before MassHealth contained the following facts. Thomas and Christina M. Robertson were the grantors and beneficiaries of the Robertson Family Trust, an irrevocable trust in which they were entitled to income-only distributions. As a married couple, the Robertsons established the trust on May 23, 1990. They named two of their children, William Dale Robertson and Jeanne McKeen, as trustees. Christina and Thomas funded the trust with titles to their house in Casco, Maine, their mobile home in Sturbridge, Massachusetts, their boat, a bank account, and several life insurance policies. Those assets were valued at $580,793.
The trust directs the trustees to pay Christina and Thomas all of the net income—that is, dividends and investment interest—generated' by the trust. Section 3.02 governs the payment of the trust principal to Christina and Thomas Robertson. It provides:
The trustees shall have discretion to pay the Grantors or on their behalf so much of the principal of the Trust as is necessary to provide for their health, including payment for nursing home care and home health care, for a period of time ending thirty months after the most recent date that the Trustees received Trust property from the Grantors. After that date, the Trustees shall have no discretion to invade principal on behalf of the Grantors.
Section 5.02 empowers the trustees to terminate the trust should the existence of the trust jeopardize Thomas or Christina Robertson’s receipt of government benefits. It provides:
[I]f, in the judgment of the Trustees, the primary beneficiaries require any service or benefit for which they would qualify for assistance under any federal, state, or local governmental program but for the existence, size, or terms of this Trust, and if the costs of such service or benefit are such that they would, if borne by the Trust, risk substantial depletion of the Trust, the Trustees may, in their sole discretion, terminate the Trust and distribute the Trust corpus to the beneficiaries named in Article 4.01 as though the Grantors were deceased.
*227 And under Section 10.2, Christina and Thomas Robertson retained the right to live in the homes held by the trust and situated in Maine and Massachusetts.
Christina M. Robertson applied for long-term care benefits in August 2010 when she was moved to a nursing home. MassHealth denied her application because it opined that her countable assets exceeded the program limit of $2,000. Ms. Robertson appealed that denial to the Board of Hearings of the Office of Medicaid. After hearing, the Board denied her appeal. The hearing officer concluded that the trust principle was countable and exceeded the $2,000 program limit. He also concluded that the trust was a Medicaid Qualifying Trust so the entire principal was considered available and countable. Further, the hearing officer decided that, pursuant to section 3.02 of the trust, the principal was countable for a period of thirty months (until September 2011) due to Ms. Robertson’s transfer of $14,000 into the trust via a check dated March 19, 2009.
Ms. Robertson then sought review of the Board of Hearings decision in the Superior Court via M.G.L.c. 30A, §14. Ms. Robertson asked the court to vacate the Board’s decision. MassHealth asked the court to remand the matter back to the Board. MassHealth contended that, although the Board had ruled in its favor, the Board’s decision was marred by several procedural and substantive deficiencies that required correction. Specifically, MassHealth argued that the hearing officer afforded Ms. Robertson, but not Mass-Health, the opportunity to respond to memoranda submitted before the hearing and evidence introduced at the hearing; stated incorrectly that MassHealth failed to introduce certain evidence and then made an incorrect factual finding based on that error; and failed to fully address the argument that the entire trust had always been countable, regardless of the status of the $14,000 check. After a hearing in Superior Court, the Court (Tucker, J.) remanded the matter back to the Board of Hearings for further proceedings. The Court found it “unusual” for MassHealth to request a remand in a matter in which it was the prevailing party, but found that “the Agency was improperly denied the opportunity to respond to evidence that Robertson was permitted to submit following the conclusion of the hearing.” Ms. Robertson moved for reconsideration, and Justice Tucker denied that motion.
Upon remand, the hearing officer again issued a decision denying Ms. Robertson’s appeal on July 2, 2013. This time, a different hearing officer decided that trust was a Medicaid Qualifying Trust; that the principal was available to Ms. Robertson because section 3.02 must be disregarded as the trustees had discretion to disburse funds to Ms. Robertson; and that Ms. Robertson continued to have access to the funds in the trust because she need only deposit one cent in the trust to make the entire principal available to her. Ms. Robertson again sought review of the remand decision pursuant to M.G.L.c. 30A, §14. In January 2014, Ms. Robertson passed away.
DISCUSSION I. Standard of Review
A motion for judgment on the pleadings is governed by G.L.c. 30A, §14 and Superior Court Standing Order 1-96. This Court may affirm, remand, set aside, or modify the agency decision if it determines that the rights of any party may have been prejudiced because the agency decision is unconstitutional, in excess of the agency’s authority, based upon an error of law or unlawful procedure, unsupported by substantial evidence, or arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. G.L.c. 30A, §14(7). This Court must also “give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” G.L.c. 30A, §14(7). The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Bd. of Appeals of Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989).
The Court “must apply all rational presumptions in favor of the validity of the administrative action and not declare it void unless its provisions cannot by any reasonable construction be interpreted in harmony with the legislative mandate.” Thomas v. Commissioner of the Div. of Med. Assistance, 425 Mass. 738, 746 (1997). Moreover, this “court will not substitute its own judgment concerning the penalty the [agency] imposes.” Kobrin v. Bd. of Registration in Med., 444 Mass. 837, 842 (2005). Consequently, as the parly appealing MassHealth’s decision, Ms. Robertson’s estate bears the heavy burden of demonstrating the decision’s invalidity. See Ten Local Citizen Group v. New Eng. Wind, LLC, 457 Mass. 222, 228 (2010).
This Court gives substantial deference to an agency’s interpretation of those statutes with which it is charged with enforcing. “Especially is this so when the case involves interpretation of a complex statutory and regulatory framework such as Medicaid.” Shelales v. Dir. of the Office of Medicaid, 75 Mass.App.Ct. 636, 640 (2009). Deference is particularly appropriate when the statute in question explicitly grants broad-rule making authority to the agency, contains an ambiguity or gap, or broadly sets out a legislative policy that must be interpreted by the agency." Souza v. Registrar of Motor Vehicles, 462 Mass. 227, 229 (2012).
II. Analysis
The Massachusetts Medicaid program, MassH-ealth, “is a joint State and Federal program designed to pay the cost of medical care for those who are otherwise unable to afford it.” Normand v. Dir. of the Office of Medicaid, 77 Mass.App.Ct. 634, 636 (2010). See also 130 Code Mass.Regs. 515.002(A).[2] “Because MassHealth is a joint Federal and State program, the *228 Massachusetts statutes and regulations governing the program must be consistent with the requirements of Federal [Medicaid] law.” Normand, 77 Mass.App.Ct. at 637 n.8. Consequently, as required by Federal law, MassHealth applicants must meet certain financial eligibility requirements to qualify for benefits. Tarin v. Commissioner of Div. of Med. Assistance, 424 Mass. 743, 747 (1997).
MassHealth provides nursing home benefits in the form of long-term care coverage for individuals who have $2,000 or less in “countable assets.” 130 Code Mass. Regs. §519.006(A)(2); 130 Code Mass.Regs. §520.003(A)(1).[3] “Countable assets are all assets that must be included in a determination of [Medicaid] eligibility.” 130 Code Mass.Regs. §520.007.
Here, if the trust is considered a countable asset, then Ms. Robertson would be financially ineligible for MassHealth benefits because the assessed value of her trust properties exceeds $2,000. This Court concludes that the Office of Medicaid Board of Hearings correctly determined that Ms. Robertson’s trust was a countable asset because the trustees had discretion to make distributions to Ms. Robertson from the trust principal. Per the Supreme Judicial Court’s interpretation of 42 U.S.C. §1396a(k) and 130 CMR 520.022(b)(2) announced in Cohen v. Commissioner of the Division of Medical Assistance, 403 Mass. 399 (1996), and Lebow v. Commissioner of the Division of Medical Assistance, 433 Mass. 171 (2001).[4] The Supreme Judicial Court has described the test as follows:
[I]f there is any state of affairs, at any time during the operation of the trust, that would permit the trustee to distribute trust assets to the grantor, those assets will count in calculating the grantor’s Medicaid eligibility.
Lebow v. Commissioner of the Div. of Med. Assistance, 433 Mass. 171, 177-78 (2001). Because the trust is a Medicaid Qualifying Trust, the amount of the trust that is countable for MassHealth eligibility is the “greatest amount that the trustees in any set of circumstances might have discretion to payout to the beneficiary.” Cohen at 413. Hence, because section 3.02 allowed the trustees discretion to pay Ms. Robertson any amount for a period of 30 months after she makes any deposit to the principal—the greatest amount the trustees had discretion to pay Ms. Robertson was the entire trust principal, $580,793.
A. Alleged Misconduct by MassHealth
MassHealth’s request for a remand at the first Superior Court hearing on plaintiffs 30A appeal was unusual for a winning party, but is not deemed “misconduct” by the Court. Whether or not the plaintiff agrees with the decision to remand this matter for further hearing, the Court does not find that the remand decision prejudiced the plaintiff or is the reason that the plaintiff feels Ms. Robertson was in a worse position because of the remand. The remand and rehearing was a second bite at the apple with no foregone conclusion for both parties. Additionally, the remand was conducted by a different hearing officer than the original hearing. Both Ms. Robertson and MassHealth had that second opportunity to firm up their respective cases and present their positions in the best and clearest possible light. Certainly, Justice Tucker did not decide in her favor outright, but a remand in which everyone gets a “do over” cannot be said to be prejudicial here. The plaintiff and family chose to pursue and participate in the remand hearing and to expend money in that fashion. Though an awful and perhaps heart-wrenching position to be in, plaintiff chose to be heard again before the Board and to again appeal the subsequent unfavorable decision. Though the plaintiff makes an extensive argument in its memorandum about the unfairness of the request for remand and the Court’s decision to remand the matter, this Court declines to revisit that decision as it is not appropriate to review another Superior Court Justice’s decision via the current 30A complaint.
B. MassHealth’s Interpretation of Regulations
MassHealth provides the most logical analysis of Lebow as it relates to the case at bar. Lebow also involved an inter vivos, self-settled Medicaid Qualifying Trust, with the grantor’s grandson named as the trustee and the grantor and grandson named as beneficiaries. After making certain blanket consents, the grandson had total discretion to make payments from the trust to his grantor grandmother and himself. But one year before the grandmother entered a nursing home, they signed documents that purported to withdraw the grandson’s discretion to make further distributions to his grandmother. Lebow at 176. The grandson was not “permanently divest[ed]” of discretion, the Supreme Judicial Court determined. He could “at any time, exercise his power to amend the trust, . . . thereby permitting [him], ¿s trustee, to disburse assets.” Id. at 177. So, the trust was countable because there was “some circumstance” that could result in payments to the grantor, even though that circumstance never occurred. Likewise, under the Robertson Family Trust here, there was a course of action—Ms. Robertson’s addition of properly to the trust—that would restore the trustee’s discretion to make distributions of principal to her, even if that circumstance never in fact occurred. For this reason, the trustees were also never permanently divested of discretion, making the entire principal of the trust countable. The Court does not base its decision about MassHealth’s interpretation on whether the trustees had discretion to pay the plaintiff from the principal at a particular moment in time, but rather if there is any state of affairs, at any time during the operation of the trust, that would permit the trustee to distribute trust assets to the grantor, if so, those assets are countable in calculating the grantor’s Medicaid eligibility.
*229 ORDER
For the foregoing reasons, the plaintiffs Motion for Judgment on the Pleadings is DENIED. The defendant’s Motion for Judgment on the Pleadings is ALLOWED. The remand decision by the Board of Hearings is AFFIRMED.

 Christina M. Robertson, the original plaintiff, died during this appeal. The personal representative of her estate, William. Dale Robertson, was substituted as plaintiff.

 “The MassHealth agency is responsible for the administration and delivery of health-care services to low- and moderate-income Individuals and couples” 130 Code Mass.Regs. 515.002(A).

 State regulations require that “the total value of countable assets owned by or available to individuals applying for or receiving MassHealth [benefits] . . . may not exceed . . . $2,000" 130 Code Mass.Regs. 519.006(A)(2).

 Under 130 Code Mass.Regs. 520 023(C)(1)(a), “[a]ny portion of the principal or income from the principal (such as interest) of an Irrevocable trust that could be paid under any circumstances to or for the benefit of the individual is a countable asset.” See Lebow v. Commissioner of the Div. of Med. Assistance, 433 Mass. 171, 177-78 (2001) (discussing regulation).